Jackson, J.,
delivered the opinion of the Court. The land in dispute was part of the estate of John Harris, at the time of his decease, and of course charged with all the deb is that he then owed. His devise of it could not divest it of this charge or lien. The present demandant was one of his creditors, and has since re *357 covered judgment for the debt, against his administrators de bonis non, and has levied his execution upon this land. The tenants claim under the devisee of the same John Harris. On this statement of the case, the demandant would be entitled to recover; and we have only to consider, whether any of the objections suggested by the other party are sufficient to bar him.
The first objection is, that the demandant’s cause of action against the administrators of John Harris was barred by the statute of limitations. His action was brought against the administrators, more than six years after it accrued ; and they pleaded the statute in bar. He replied in the usual form, and on the trial proved a new promise by one of the executors within six years, and had a verdict on that issue. The form of the present action did not require, nor permit the tenants to make such a plea; but they made the same objection to his right to recover that debt against the administrators; and he again proved, at the trial of the present action, the new promise by the executors within six years.
We consider it well established, that such a promise by an executor or administrator avoids this bar (1). He may .even omit or refuse to plead this statute, when there has not been a new promise, if the debt is justly due (2). We are also satisfied, that such a promise by the former * executor is as effectual for [*432 ] this purpose, as a promise by the administrator de bonis non (3).
The other objection, that the statute of 1788, c. 66, limiting such actions to four years, after accepting the trust and giving bond as executor, was answered by showing that the executors did not give notice of their appointment, in the manner provided by the same statute. The bar arising from this statute could not have been waived by the executor or administrator ; because it is provided not for his benefit alone, but for that of heirs and devisees also (4) ; in order to discharge their estates, within a reasonable time, from the lien for the debts of the deceased. But although the executors could not waive this bar, after it had accrued, or destroy its effect to the prejudice of heirs or devisees, yet they might, by their negligence, prevent its ever accruing; and in such a case, if either of the other parties suffers a loss, it must be the heir or devisee, and not the creditor. It is contrary to the plain *358 words of the statute, to bar the creditors, unless the notice is given, as there prescribed. Whether the heirs or devisees, in such a case, would have any legal remedy, against the executor or administrator, for the consequence of this negligence, we are not now called upon to consider.
The case of Thomson vs. Brown & Al. (5), which arose out of this same transaction, and which was cited in the argument, differed materially from the present. It was there stated as a fact, that the executors had given notice of their appointment, in the manner prescribed by the statute; and although it was said that the mistake in this particular was discovered before judgment, yet it does not appear to have been rectified, nor was it admitted by the parties in that suit to have been a mistake, as appears by the papers on file in the action.
In that case, Brown & Al. claimed under a sale and conveyance by the administrators, pursuant to an order of the Court of Common Pleas; in the present case, Emerson, the demandant, [ * 438 ] claims under an execution. The Court * might, in some cases, justly refuse to give such an order or license, on the petition of the executor or administrator, and for his accommodation and benefit, although they could not prevent the creditor from taking the land in execution, according to the right secured to him by the statute.
When executors give bond to pay all debts and legacies, and omit to return an inventory, as they may, and as they did in the case at bar, they cannot obtain from the judge of probate the certificate which is a prerequisite to the order or license for sale. That certificate ought to contain, among other things, a statement Of the value of the personal estate of the deceased, to enable the other courts to determine whether any, and how much, of the real estate ought to be sold. But if no inventory is returned, the judge of probate has no means to ascertain, regularly and judicially, the value of the personal estate.
We are, therefore, satisfied with the judgment in the case oi Thompson vs. Brown Al.; and without meaning to disturb that decision, we are of opinion that, in the present case, the demandant is entitled to recover.

Judgment according to the verdict.

 8 Mass. Rep. 133. —Finch Prec, in Chane. 385

 1 Atkyns, 526.

 15 Mass. Rep. 374. -7 D. & E. 182.

 [There is nothing in the act or in the justice or equity of" the case, which require such a construction of it. The preamble of the act shows it was made for the benefit of administrators and executors only. The heirs and devisees have, and ought to have, no rights until the creditors have been paid. It is difficult to account for the favoi which the Court on several occasions have shown to heirs and legatees.—En.]

 Ante 172