PECK *against* BOTSFORD and another, executors of *Clement Botsford.*

A clause in a will directing all the just debts of the testator to be paid, will not save a debt barred by the statute of limitations from the operation of that statute.

An acknowledgment, by a personal representative of a deceased person, that a demand against the estate of the deceased, barred by the statute of limitations, is due, will not take the case out of the statute.

THIS was an action of book debt, tried at *Fairfield*, December term, 1827, before *Daggett*, J.

After praying oyer of the plaintiff's account and setting it out, the defendants pleaded in bar, that *Clement Botsford* died on the 25th of *July*, 1824, and that the plaintiff's cause of action did not accrue within six years of that time. The last item in the plaintiff's account was charged in 1802.

On the trial, the plaintiff offered in evidence the last will of *Clement Botsford*, made in *January*, 1818, and duly proved and approved soon after his death, which contained this clause : " After my just debts and funeral charges are paid"—inserted previous to the devising part of the will. The plaintiff offered also a witness to testify, that within the time limited for the exhibition of claims against the estate of the deceased, he went with the plaintiff's book, and as his agent, to *J. B. Botsford*, one of the executors and one of the defendants, and shewed him the account, who acknowledged, that there was something due, but not so much as was claimed ; and that soon afterwards, this executor came to the plaintiff's house, and reckoned with the plaintiff, and agreed, that between 65 and 66 dollars was due to him. To the admission of this evidence the defendants objected ; but the objection was overruled, and the evidence was given to the jury. The defendants then prayed the court to charge the jury, that this evidence could not support the issue so as to entitle the plaintiff to recover, because the acknowledgment was made by one only of the defendants, and by him acting as executor, and was not in writing ; and because the clause in the will could not revive the debt. The plaintiff claimed, that the facts proved would authorize the jury to find the issue in his favour ; and the court so instructed the jury ; and they found a verdict for the plaintiff accordingly. This instruction was given, to the end that the damages might be assessed by the jury, and the case reserved for revision, on a motion for a new trial ; which was accordingly done.

*M. B. Whittlesey* and *Sherman*, in support of the motion, contended, 1. That a general clause in a will directing the payment of the testator's just debts, is not sufficient to revive a debt against which the statute of limitations has run, and save it from the operation of that statute. *Roosevelt* v. *Mark*, 6 *Johns. Chan. Rep.* 266. 293. [In consequence of an intima-

*Fairfield,*
June, 1828.

Peck
*v.*
Botsford.

tion from the court, that they were satisfied on this point, the argument to establish it was not pursued.]

2. That an acknowledgment of the debt demanded, by one of the executors, could not save it from the statute, and enable the plaintiff to recover it in this action. It is not within the powers of an executor, *qua* executor, to make such acknowledgment. The promise implied in it could not bind the estate, and could have no effect otherwise than as his *personal* undertaking. An executor is appointed to execute a special trust. This is created, and precisely limited, by the will under which he acts, and the statute. From these sources his executor derived no authority to make the acknowledgment in question. The statute of limitations proceeds on the ground that the debt has been paid, and the evidence lost. The executor knows nothing about such payment. The point has been explicitly decided, in accordance with the claim of the defendants, by the supreme court of the *United States,* in *Thompson* v. *Peter & Johns,* administrators of *Peter,* 12 *Wheat.* 565. It was so decided, also, by Chancellor *Kent,* in relation to another class of trustees, in *Roosevelt* v. *Mark,* 6 *Johns. Chan. Rep.* 292. In the *English* books, there is not a case to be found, where the acknowledgment of an executor has been received in evidence to remove the bar of the statute of limitations, in an action brought to recover the debt out of the testator's estate. On the contrary, the courts, both in that country and in this, have frequently and emphatically expressed their regret, that the letter of this beneficial law had not, in all cases, been strictly adhered to. 11 *Wheat.* 316. n.

*N. Smith* and *Dutton,* contra, insisted, 1. That the clause in the will of *Clement Botsford,* which directs the payment of his just debts, takes the case out of the statute of limitations. In support of this position they relied on *Gofton* v. *Mill,* 2 *Vern.* 141. *Blakeway* v. *Strafford,* 2 *P. Wms.* 373. *Andrews* v. *Brown, Prec. in Ch.* 385. *Jones* v. *Strafford,* 3 *P. Wms.* 89. *Lacon* v. *Briggs,* 3 *Atk.* 107. *Anon.* 1 *Salk.* 154. *Trueman* v. *Fenton, Cowp.* 548. *Shallcross* v. *Finden,* 3 *Ves. jr.* 739. *Toll. Ex.* 288. 1 *Madd. Chan.* 483, 4. The reason is, that a debt barred by the statute of limitations, is still a debt in conscience—a just debt. The statute does not extinguish the debt. It extends its protection to the *remedy* only ; and *that* may be waived. How can this be done more significantly,

than by a direction to pay the debt ? The courts are anxious *Fairfield,* so to construe a will as to make the testator do that which is June, 1828. morally just. 3 *Ves. jr.* 551.

2. That the acknowledgment proved on the trial, took the case out of the statute.

In the first place, if this acknowledgment had been made by the debtor himself, it would clearly have been sufficient for this purpose. According to some of the earlier authorities, much less—even "the slightest word of acknowledgment"— would have been sufficient. 3 *Esp. Rep.* 157. n. 2. by *Day.* And by all the authorities, ancient and modern, an express acknowledgment of a subsisting debt, is sufficient. *Baillie* & al. v. *Inchiquin,* 1 *Esp. Rep.* 435. 437. n. 1. by *Day. Lord* & al. v. *Shaler,* 3 *Conn. Rep.* 131. *Lord* & al. v. *Harvey,* 3 *Conn. Rep.* 370. and the cases therein cited. At any rate, the evidence offered was proper to go to the jury in proof of such an acknowledgment. *Colledge* v. *Horn,* 3 *Bing.* 119. (11 *Serg. & Lowb.* 59).

Secondly, such an acknowledgment by an executor, in a suit against him as executor, is sufficient. He is a party on the record ; and his admissions must have the same effect in this suit, as they would have against any other defendant. That he is a mere trustee, without personal interest, makes no difference in the case. *Bauerman* & al. v. *Radenius,* 7 *Term Rep.* 663. *Bulkley* & al. v. *Landon* & al. 3 *Conn. Rep.* 76. *Swift's Ev.* 128. An executor stands in the place of his testator. He is designated for the very purpose of settling the estate. An agent may charge his principal by admissions within the scope of his agency. And it has been decided, that the admission of the wife, acting as the agent of her husband in his business, is sufficient to take the case out of the statute of limitations, in an action against him. *Anderson* v. *Sanderson,* 1 *Holt's N. P. Rep.* 591. (3 *Serg. & Lowb.* 190.) But, it is unnecessary to recur to general principles or analogous cases ; for the point has been expressly decided. *Baxter,* administrator, v. *Penniman,* 8 *Mass. Rep.* 133. *Emerson* v. *Thompson* & al. 16 *Mass. Rep.* 429. *Johnson,* administrator, v. *Beardsley* & al. 15 *Johns. Rep.* 4. *Martin* v. *Williams,* executor, in error, 17 *Johns. Rep.* 330. *Mooers* v. *White,* 6 *Johns. Chan. Rep.* 372. *Secar* v. *Atkinson,* administrator, 1 *H. Bla.* 102. 2 *Saund.* 117. c. n. 2.

*Fairfield,*
June. 1828.

Peck
*v.*
Botsford.

DAGGETT, J.   The judge at the circuit charged the jury, that the evidence given in support of the issue, would authorize them to return a verdict for the plaintiff, to the end that the questions arising might be reserved for the opinion of this court.   This course was peculiarly proper, because it had been decided, by the superior court, in *December,* 1826, when holden by another judge, that a clause in a will, like that shown in evidence on this issue, was sufficient to revive a debt, against which the statute of limitations had run ; and a writ of error was pending when this cause was tried, in the court of errors, seeking to reverse that judgment.   (Vide *Weed* v. *Bishop,* ante, *p.* 128.)

Two questions are now to be considered, both of which are open for examination and decision in this court.

1. Will a general clause in a will, directing all just debts to be paid, revive a debt, barred by the statute of limitations ?

2. On an issue formed in the action of debt by book, on the point whether the plaintiff's cause of action accrued within six years, will an acknowledgment of the debt, *by an executor,* support the issue on the part of the plaintiff?

If an affirmative answer be given to *either* of these questions, the verdict ought to stand ;—otherwise, it must be set aside, and a new trial granted.

1. On the first question, were it new, it would, in my view, be difficult to entertain a doubt.   The words in the will designate no fund for the payment of debts ;—they contain no provision for the payment of *this* debt out of his estate ;—they are merely formal and introductory to particular directions in regard to the disposition of his property.   The clause, " after my just debts and funeral charges are paid," thus inserted, has an importance given to it, by the counsel for the plaintiff, which would never have entered a head, not familiar with the *dicta* of lawyers and judges on this subject.   The testator adopts this language, as he does that, commending his body to a decent burial, and his soul to the mercy of his Creator, in compliance with a custom almost universal, and, perhaps, having its origin in the solemnity, which attends a final disposition of his earthly concerns.   It is not credible, that he thereby intends to direct the payment of any particular debt ; much less, to deprive his representative of the right of interposing a legal defence, arising under an act of bankruptcy, or the statute of

limitations, or the law against usury, or other illegal consideration.

Again; this is an ancient form, probably introduced from *English* precedents, and might possibly have had some importance, where it charged the payment of debts out of certain descriptions of property not otherwise liable for them. Here, every kind of property is equally bound for this purpose.

The counsel, however, rely on authorities from the *English* books, in support of their position. They cite to this effect, *Toller* 288.; *Cowp.* 548.; 1 *Salk.* 154.; 1 *Mad. Chan.* 483, 4.; 3 *Vesey* jr. 738, 9. It is true, in many cases, such a doctrine is advanced by able judges; but it will be difficult to find an adjudged case, going to the extent now contended for. When mentioned by many distinguished judges and chancellors, it is either directly denied, or plainly questioned; and in a very late case, in the year 1813, the question was most elaborately discussed, and all the cases reviewed, with great discrimination, by the Vice-Chancellor. *Burke* v. *Jones*, 3 *Ves. & Bea.* 275. He decided, that a devise of real and personal estate for the payment of just debts, did not revive a debt upon which the statute of limitations had taken effect, by the expiration of the time, before the testator's death. In the case before us, the statute had attached on the debt, more than sixteen years before the testator's death, and ten years before the date of his will.

In the year 1818, the question came before the supreme court in *Pennsylvania*, and, after a thorough discussion, was decided against the position now taken by the plaintiff's counsel. *Smith* v. *Porter* & al. 1 *Binn.* 209. The opinion of the court, by the late C. J. *Tilghman*, is very satisfactory.

In 1822, Chancellor *Kent* took a critical view of this doctrine, and has furnished all the authorities on both sides of the question. He arrives at the conclusion, that such a direction in a will does not revive a debt, barred by the statute of limitations. *Roosevelt* v. *Mark*, 6 *Johns. Chan. Rep.* 266. 293.

It would savour too much of an affectation of learning, to pursue the subject farther.—I entertain no doubt, that the evidence arising from the clause in the will of *Clement Botsford*, is insufficient to authorize a verdict for the plaintiff.

2. The other question now demands consideration. Will the acknowledgment and promise of the executor support the issue? To decide this question correctly, it becomes necessa-

ry to examine the powers of an executor under our law. In *Fairman* v. *Bacon,* 6 *Conn. Rep.* 121. the court declared, that an executor was " an agent or trustee ; and merely such, without any beneficial interest given to him by the will." He has, indeed, a legal right to the personal property : and it is vested in him, to enable him to pay the debts and legacies of the deceased. He may also dispose of it under the direction of the court of probate. In both instances, he acts immediately under the direction of the law, regulating his conduct. The real estate, not disposed of by will, descends, *eo instanti*, on the death of the testator, to the heir ; and if devised, it goes to the devisees, liable, in both cases, to be taken and sold by the executor, for the payment of debts. The residue, in both cases, belongs to the heirs or devisees, after deducting the debts, and the expenses of settling the estate. The executor then, *quasi* executor, can neither give away the property, nor squander it. If a man can do what he will with his own, he cannot take the same liberty with the property of others. To apply these principles to the case under consideration—Can this executor bind the estate in his hands, real and personal, by an acknowledgment of a debt due from his testator, which had been barred sixteen years before his death ? His duty as executor is to settle the estate according to law, not to subject it to debts, by his declaration or admissions.

But several authorities are cited. First, it is said, that an acknowledgment of a debt, will take the case out of the statute. 3 *Conn. Rep.* 132. 372. 1 *Esp. Rep.* 435. 6 *Term Rep.* 189. 3 *Bing.* 119. (11 *Serg. & Lowb.* 59.) Doubtless, it is well established, by these cases and others, that when a defendant interposes a plea of the statute of limitations, the plaintiff may repel it, by showing that he shall not avail himself of it, because he has renounced the benefit, by an acknowledgment which is sufficient to support a promise to pay it. This is not denied.

Secondly, admissions of the party to the record are always received in evidence. 7 *Term Rep.* 663. *Sw. Ev.* 128. This, also, is not questioned. But are they always *sufficient* to support the issue ? The judge in this case charged the jury, that they were *authorized*, by this testimony, to find a verdict for the plaintiff.

Thirdly, it is further said, that the power of recovering a debt, barred by the statute, necessarily results from

the situation and condition of the executor.   In proof of this *Fairfield,*
position, *Anderson* v. *Saunderson,* 1 *Holt's N. P. Rep.* 591.   June, 1828.
(3 *Serg. & Lowb.* 190.) is cited.   That case decides only, that   ———
the confessions of the wife, *she being his agent,* bind the hus-   Peck
band,—a principle too familiar to be doubted.   *v.* Botsford.

Fourthly, the plaintiff insists on express decisions on the point.
*Baxter* v. *Penniman,* 8 *Mass. Rep.* 134. shows only, that an ad-
mission made *to an executor or administrator,* is sufficient to take
a case out of the statute of limitations.   The debtor himself may
certainly waive the statute.   In the opinion given, however,
the court speak to the following effect : "An admission *by* or *to*
an executor or administrator, after the six years, will, &c."   So
far as that opinion regards an acknowledgment *by* an executor
or administrator, the case did not call for it ; and, therefore, it
is entirely *obiter.*   In *Emerson* v. *Thompson,* 16 *Mass. Rep.*
429. the same doctrine is recognized, on a case, where a new
promise was *by an executor,* and the only case cited is that in
8 *Mass. Rep.* 134., which, as has been shown, did not affect the
point in controversy.   In *Johnson,* administrator of *Johnson* v.
*Beardsley and heirs* and devisees of *Beardsley,* 15 *Johns. Rep.*
4. it was decided, that the promise of one joint debtor to pay a
debt, barred by the statute of limitations, was sufficient to take
the case out of the statute ; and *Whitcomb* v. *Whiting, Doug.*
652.   *Jackson* v. *Fairbanks,* 2 *H. Bl.* 340. and *Smith* v. *Lud-
low,* 6 *Johns. Rep.* 267. are cited.   It was also decided, that in
an action against the heirs and devisees of a deceased debtor, a
promise by two of the defendants, who were both executors
and heirs and devisees, to pay a debt, was sufficient to charge
all the defendants.   It is easy to see, that this decision estab-
lishes nothing applicable to the present case.

The case of *Martin* v. *Williams,* executor of *Williams,* in er-
ror, 17 *Johns. Rep.* 330. goes to the point *only,* that, in an action
*by an executor,* an acknowledgment of the debt by the debtor
within six years, is evidence to support a new promise, and to
remove the bar created by the statute.   It is a recognition of
the doctrine in 8 *Mass. Rep.* 134., before commented on.

In the case of *Mooers* v. *White,* 6 *Johns. Ch. Rep.* 372. the
learned Chancellor decided, that " any acknowledgment or
admission by an executor or administrator, will not bind the
real assets in the hands of an heir or devisee.   I view that de-
cision, not only as not affording aid to the plaintiff in the case
before us, but as furnishing an argument against him.   An ex-

ecutor in *Connecticut* has no more beneficial interest in the personal than in the real estate. He may controul both, as a mere agent, subject to the directions of the court of probate.

The only cases, cited by the counsel for the plaintiff, not already considered, are those in 1 *H. Blk.* 102., and 2 *Saund.* 117. *e.* note 2. They prove only, that a count on an account stated with an executor for money due from the testator, may be joined with a count on a promise made by the testator ; and that this is the usual mode of declaring against executors to save the statute of limitations. It is not easy to see, how these cases prove the point, for which they are introduced. If the utmost effect were given to them, they would only shew, that Mr. Justice *Heath* and his commentator, *Williams,* assert, that the object of this mode of declaring is to prevent the operation of the statute of limitations. But were it to be admitted, that the statute might be avoided, by such an acknowledgment, in *Westminster-Hall ;* ought the doctrine to prevail here? I am persuaded, that, if this doctrine exists at all, it has its origin in a principle never adopted in this state, *viz.* that the executor was entitled to the surplus of the personal estate of the deceased, after payment of debts, and that, therefore, such an acknowledgment would directly affect his own interest. I perceive some reason for it, where the executor is thus in fact, and to substantial purposes, the owner of the personal estate, but none where he is a naked trustee.

My opinion in this case is confirmed, by the decision of the supreme court of the *United States,* delivered by Ch. J. *Marshall,* in the case of *Thompson* v. *Peters,* 12 *Wheat.* 565. He there says : " Had this been a suit against the original debtor, these declarations would not have been sufficient to take the case out of the statute. But this is not a suit against the original debtor. It is brought against his representative, *who may have no personal knowledge of the transaction.* Declarations against him have never been held to take the promise of the testator or intestate out of the act. Indeed, the contrary has been held."

In conclusion, I am satisfied, that the charge of the judge (indeed, it was *pro forma* merely, under the circumstances already stated) is not supported, by any adjudged case, except that of *Emerson* v. *Thompson,* 16 *Mass. Rep.* 429. and that rests on *Baxter* v. *Penniman,* 8 *Mass. Rep.* 134. which, in

principle, involves no point now decided. The doctrine of the charge is directly opposed to the case of *Thompson* v. *Peters*, 12 *Wheat.* 565., which last case is consonant to reason and justice.

A new trial, therefore, must be granted; and it is some consolation to reflect, that, by this decision, two grounds of evading the statute, now first attempted in *Connecticut*, are rejected. Neither a clause in a will, directing all just debts to be paid, nor an acknowledgment by a personal representative, that a stale demand is due, will defeat the operation of a beneficial statute, —a statute of repose, already so much impaired, by repeated decisions, as to be divested of much of its importance.

Hosmer, Ch. J. and Lanman, J. were of the same opinion.

Peters, J. dissented.

Brainard, J. was absent.

New trial to be granted.