## McLellan *vs.* Lunt, *Adm'r.*

The statute of 1821, *ch.* 52, limiting suits against an administrator to *four years*, may be effectually pleaded in bar to an action of debt commenced *after* the lapse of four years, on a judgment recovered against the administrator *within* the four years.

This was an action of debt against the defendant as administrator of the estate of *Daniel Lunt*, and was founded on a judgment recovered against the defendant, as administrator, within four years from the time of his taking upon himself that trust, this action not having been commenced until after the lapse of said four years. The defendant relied, in his defence, upon the statute of 1821, *ch.* 52, limiting actions against administrators to four years, and the question was, whether it was a good defence.

*Daveis*, for the plaintiff, contended that the four years in the statute apply only to the original demand. The object of the provision was, that administrators may have *notice* of the de-

McLellan *v.* Lunt.

mands against the estate. See the preamble of *Mass.* statute of 1788, *ch.* 66; statute of 1791, *ch.* 28; *Church* v. *Crocker*, 3 *Mass.* 22; *Roys* v. *Barrell*, 13 *Mass.* 398.

The object of the statute in this case, was answered by the recovery of the first judgment. The filing of a claim before commissioners on an insolvent estate, will save it from the operation of the statute. Why should not the recovery of a judgment have the same effect?

*Megquier*, for the defendant, cited the following authorities: *Parkman* v. *Osgood*, 3 *Greenl.* 21; *Emerson* v. *Thompson*, 16 *Mass.* 432; *Heard* v. *Meader*, 1 *Greenl.* 156; *Brown* v. *Anderson*, 13 *Mass.* 201.

MELLEN C. J. — The intestate died indebted to the plaintiff on simple contract; and about two years and a half after the defendant took administration on his estate, the plaintiff commenced an action on the demand and recovered judgment for the amount, against the goods and estate of the intestate in the hands and possession of the defendant, as administrator upon the same. The present action of debt was not commenced upon said judgment until nearly seven years next after the grant and notice of administration; and the defendant now relies, in his brief statement, upon the statute of 1821, *ch.* 52, *sec.* 26, limiting the liability of an administrator, and a creditor's right of recovery to the term of four years. The question in the case is, whether the statute bar is applicable in this case. The judgment reduced the demand to certainty, and gave the creditor the power to collect its amount on execution; but this power has never been exercised. We do not perceive on what principle the statute should in the present case, be considered inapplicable. The object of the limitation was to compel a speedy settlement of the estates of persons deceased; but should the Court adopt the plaintiff's construction of the act, the object and design of it would be defeated; for if he could with safety delay commencing his action until after the expiration of the limited term, he might in such a case as this, delay it for nearly twenty years, that is so long as the judgment declared on would remain unaffected by the common law presumption of payment. Law and justice require that we should give

the intended effect to the statute provision in question.  The consequence of giving to this provision the construction for which the counsel for the plaintiff contends, would not only produce a long and unreasonable delay as before mentioned; but in those cases where an estate is not insolvent, the consequences might be injurious and distracting in respect to heirs and to those claiming portions of the real estate of the deceased under conveyances from the heirs.  The titles of such purchasers might be defeated and much confusion be the result.  Executions might be extended on lands assigned to heirs and in their possession, or the possession of their assigns after a lapse of nearly twenty years. On these principles and to prevent such injurious consequences it was decided in the case of *Emerson* v. *Thompson & al.* 16 *Mass. Rep.* 429, that the operation of the statute of *Massachusetts,* limiting actions against executors and administrators to four years as before stated, of which our statute in the above particular is a copy, could not be delayed or affected by a promise of payment of a debt by an executor or administrator.  We are all of opinion that the action cannot be maintained.

*Judgment for defendant.*