Swift<br>v.<br>Crocker.

---

## JOHN FAUNCE *versus* JOHN GRAY, Administrator.

Where prior to the commencement of an action against an administrator, his deposi tion was taken *in perpetuam*, at the instance of the plaintiff, in relation to facts which came to his knowledge before he was appointed administrator, but notice was not given to him in conformity with Revised Stat. *c*. 94, § 35, as a party interested, it was *held*, that the deposition was not admissible in such action, *as a deposition*, first, because such notice was not so given, and, secondly, because the deponent was a party to the record ; but that it might be used as a confession of the administrator, even if it was taken for the express purpose of being so used.
In an action against an administrator, it was *held*, that a private account-book of the intestate was not admissible on the part of the defendant, to prove payments of money to third persons, they being competent witnesses.

ASSUMPSIT for labor and services, money had and received, and for rent of land.

At the trial, before *Dewey* J., the plaintiff offered in evidence a deposition of the defendant, taken *in perpetuam* before two magistrates, on the application of the plaintiff, previously to the institution of this action, and claimed a right to read the same to the jury, either as a deposition, or as the written statement and confession of the defendant as administrator of Elea

zer Faunce; but its admission for either purpose was objected to. It appeared that the deposition related to facts, which came to the knowledge of the defendant before he was appointed administrator.

The judge ruled that the deposition might be read to the jury as a written statement and confession of the defendant.

If the Court should be of opinion, that it was not admissible either as a deposition or as a written statement and confession of the defendant, then a new trial was to be granted for this cause.

The plaintiff claimed to recover of the defendant for his moiety of money received by the defendant's intestate for certain oxen sold by him and belonging to the intestate and the plaintiff jointly, and offered evidence tending to show the sale of oxen thus owned, while the parties were using certain lands for their common benefit. The defendant then offered as evidence the private account-book of the intestate, which contained accounts with various persons, and charges against them of money paid for their labor and services during the time when the plaintiff and the intestate occupied and used land together. The plaintiff objected to the competency of this evidence. There was no evidence, that the persons to whom this money was alleged to have been paid, were not living, and there was no account for any money filed in set-off. The judge ruled, that the account-book was inadmissible in evidence.

If such evidence was admissible, a new trial was to be granted for this cause.

If the ruling of the judge was correct on both points, judgment was to be entered on the verdict, which was for the plaintiff.

*Oct. 24th.*    *W. Baylies* and *Thomas*, for the defendant, to the point, that the deposition could not be used as a deposition, cited Revised Stat. *c.* 94, § 38 ; *Gilmore* v. *Bowden*, 3 Fairfield, 412 ; 3 Stark. on Evid. 1061, 1062, note, 1063, note ; *Foa* v. *Whitney*, 16 Mass. R. 118 ; *Commonwealth* v. *Marsh*, 10 Pick. 57 ; *Tilley's Case*, Ld. Raym. 1009 ; *S. C.* 1 Salk. 286 ; *Baker* v. *Fairfax*, 1 Strange, 101 ; to the point, that it was not admissible as a statement or confession of the administrator, *Berkeley Peerage Case*, 4 Campb. 420 ; 3 Stark. on

Evid. 1061 ; 2 Stark. on Evid. 40 ; *Plant* v. *McEwen*, 4 Connect. R. 544 ; and to the point, that the account-book was admissible in evidence, *Dickinson* v. *Robbins*, 12 Pick. 74.

*Eddy* and *Beal*, for the plaintiff, to the point, that the deposition was admissible as a confession of the administrator, cited *Bull* v. *Loveland*, 10 Pick. 9 ; *Brown* v. *Anderson*, 13 Mass. R. 203 ; *Gold* v. *Eddy*, 1 Mass. R. 1 ; *Bauerman* v. *Radenius*, 7 T. R. 663 ; *Whitfield* v. *Fausset*, 1 Ves. sen. 387 ; *Mildmay* v. *Mildmay*, 1 Vernon, 53 ; *Smith* v. *Beadnell*, 1 Camp b. 30 ; 2 Stark. on Evid. 39.

MORTON J. delivered the opinion of the Court. The written statement signed and sworn to by the defendant, though in the form of a deposition, is inadmissible as such. The defendant was not notified according to the Revised Stat. c. 94, § 34, 35. Although, being the deponent, he must have been informed of the time and place of taking the deposition, and must have been present, yet this was not a strict compliance with the statutory regulations, which are a *sine qua non* to the admission of such a deposition. See Revised Stat. c. 94, § 38. Further, "it is an inflexible rule of evidence, that parties of record " " are not admissible as witnesses." *Commonwealth* v. *Marsh*, 10 Pick. 57. And it can make no difference whether the testimony be in writing or come orally from the witness on the stand. The remarks of the Court in *Gold* v. *Eddy*, 1 Mass. R. 1, were founded expressly upon the peculiar provisions of the statute of reviews. The deposition could not be used, because the deponent was in court. The deponent could not be called on the stand, because he was a party of record.

But the confessions of executors and administrators are competent evidence against themselves in any suit by or against them in their representative character. *Emerson* v. *Thompson*, 16 Mass. R. 429 ; *Atkins* v. *Sanger*, 1 Pick. 192 ; *Hill* v. *Buckminster*, 5 Pick. 391. And we can discover no reason for excluding the written statement of the defendant from the operation of this rule.

The fact that it was made under oath, cannot diminish its force or render its competency questionable. If it contain a true narrative of facts, justice requires that they should be

*Faunce*
*v.*
*Gray.*

*Oct. 26th*

admitted. And no man will be more likely to make *false* admissions against himself, because he has been sworn to tell the truth.

But it has been contended for the defendant, that the process of the statute has been perverted and abused, and therefore that the evidence thus unfairly obtained ought not to have been received. I am not aware that the case contains any proof in support of this suggestion. It probably rests upon suspicion. At most, we cannot suppose that the magistrates participated in, or were conusant of, any unlawful design or contrivance. But even if the plaintiff did resort to this mode of procuring the defendant's statement, for the purpose of using it as evidence on this trial, we cannot think that, for this cause, it should be excluded. Who ever heard the confessions of a party objected to, as inadmissible, because his adversary artfully and designedly drew him into conversation on the subject of a controversy, for the purpose of using the declarations he might make, as evidence against him ?

Nor is there any reason to fear that an imperfect or garbled statement was obtained. The defendant, in fidelity to his trust, while he answered the plaintiff's interrogatories, would be careful to accompany his answers with such explanations as the truth of the case would warrant and its justice require. If disposed to prove unfaithful to the interests which he represented, he would have found more favorable opportunities to aid the plaintiff by admissions than in a deposition, when under oath, and when his *cestui que trusts* might be present to interrogate him.

Before the death of the intestate, certain facts came to the knowledge of the defendant, in proof of which the plaintiff ought to have the benefit of his testimony. The defendant's appointment should not have the effect to deprive him of it. The persons adverse in interest, should not have the power to defeat the plaintiff's claim by procuring his only witness to be appointed administrator, and thus to shut out his testimony. Nor should the plaintiff suffer in this way by the accidental appointment of his witness. The plaintiff now has a legal right to avail himself of evidence in the defendant's hands. And the latter cannot withhold it because it would be against his interest to disclose it.

A more direct and probably a better course would have been, a bill of discovery under the Revised Stat. *c.* 81, § 9. But the plaintiff having obtained the statement of the defendant in a mode in which, whatever artifice he may have practised to get it, there is no reason to suppose that any intention existed, much less succeeded, of procuring the admission of any facts which did not exist, we think he ought not to be deprived of it.

2. There does not appear to have been any such unsettled partnership accounts between the plaintiff and the intestate as to render it necessary to turn him over to a different remedy. Besides, this objection, not having been taken on the trial, now comes too late. It was not reserved, and, if well founded, could not now be entertained on this report.

3. It is very clear, that, with all the liberality with which we treat account-books, they cannot be received as evidence of the payment of cash to third persons, who are themselves competent witnesses. They are always admitted cautiously and to a very limited extent, to prove any charges of money ; and, we believe, never, where so much better evidence of the facts exists.

*Judgment on the verdict.*