Green, J.
delivered the opinion of the court.
This is a suit brought by Jacobs, against Lashl.ee, as administrator de bonis non cum testamento annexo of James S. Sales, deceased, for the proceeds of a parcel of salt, which the plaintiff alledges' Sales sold • for him, on commission, and for which he has not accounted. On the death of J. S. Sales, his widow, Jane Sales, qualified as his executrix, and on her death the defendant became administrator de bonis non.
On the trial, the plaintiff proved that his agent presented a receipt signed “J. S. Sales, per lady,” for twenty-five barrels of salt to be sold on commission, to Mrs. Sales while she was executrix, and that she stated it was correct, that the salt was received and had been sold. This was in February, 1844, at which time salt sold for fifty-five cents per bushel, and that a barrel usually contains about six bushels. The usual commission for selling, is fifty cents a barrel. The court charged that upon this evidence, the plaintiff had a right to recover. The jury found for the plaintiff, and the defendant appealed to this court.
*719 The only question in this cause is, whether the -admissions of Mrs. Sales, while she was executrix, are competent evidence against the administrator de bonis non. And we think they are evidence. Such admissions, made in good faith while she represented the estate, and had an interest in the matter, are evidence to charge the estate. It is the settled law, that a new promise, by an executor or administrator, avoids the bar of the statute of limitations. 16 Mass. Rep. 431; 8 Mass. Rep. 133; 1 Atkyns 226. And if a promise will avoid the bar of the statute of limitations, why may it not be admissible to establish indebtedness? We see no reason against it, and the admission of the former executrix must, on principle, be regarded as effectual to charge the estate, as if made by the administator de bonis non. 15 Mass. R. 374; 16 Mass. R. 432; 1 Greenleaf Ev. sec. 179. We think, therefore, there is no error in this record, and affirm the judgment.