Caldwell, J.
The question that arises on this record is, whether the declarations of an administrator, who is not a party to the suit, not made while engaged in the duties of administrator, but made to-a third person, can be received in evidence? For, although one of the persons whose admissions are given in evidence, was a party defendant to the suit at its commencement, yet it appears by the-record that, previous to the trial in the district court, she had been removed, and was no longer a party to the suit.
The authorities on the subject of the admissions of executors and-administrators, as evidence to charge the estate, appear to be somewhat conflicting.
In South Carolina, in the case of Ciples v. Alexander, 2 Const. R. 768, the court hold, that the admissions of an executor or administrator are not competent to charge the estate with a debt; and give as reason that there is no privity between the administrator or executor, and the creditor of an estate; the administrator or executor is not presumed *in law to know whether a demand is just or unjust. In the case of Perch v. Bottsford, 7 Con. 172, it is hold that an acknowledgment, by an executor, that a claim against the estate,' which is barred by the statute of limitations, is duo, will not take the case out of the statute. In speaking of the duties of the executor in that case, the court say: “His duty, as executor, is to settle the estate according to law, not to subject it to debts by his declaration or admission.”
On the other hand, in the case of Emerson v. Thompson, 16 Mass. 429, it is, held that a promise, by an executor, took the case out of the statute of limitations.
In Beardslee v. Johnson, 15 Johns. 4, where the executor making-the admission was also a devisee, the court held that the admission was evidence, on the principle that the promise of one joint debtor is good as against his co-debtors, and say that they see no reason why the principle should not apply as well to the case of executors, heirs, and devisees as to any other case.
The case of Atkins v. Sanger, 1 Pick. 192, was a trial respecting the validity of a will; and the court hold that they will admit evidence of the declarations of either of the executors, as to facts that *427 took place at the making of the will. See Cowen & Hill’s notes to. Phillips’ Evidence, vol. 2, p. 167.
The general question respecting the admissibility of the admissions of executors and administrators, on account of the conflict of authority not being settled by precedent, we are left to determine-what the decision should be from the general principles of law.
The general principle, on which admissions are received, is, that, the party making the admissions does so against his own interest. Now, the administrator, as such, has no interest in the estate that he can prejudice by admissions such as are hero proved; the estate does not belong to him; he is not personally accountable for its-debts; it is, so far as interest is concerned, a matter of indifference to him whether *the assets go to one creditor or another, or whether to the creditors or to the heirs. Whether a large judgment is recovered against the estate, or a small one; or whether any judgment at all, is a matter in which ho has no personal interest whatever. In making a mere loose admission, such as this was, to a third person, the responsibility of official action docs not attach to the act; for, although he would be liable to those interested in-the estate, if he improperly admitted and paid a claim, yet it is-hardly probable that he could be rendered liable for a mere unofficial admission; and yet, if such admissions are to be received in evidence, they might be equally fatal to the interests of those having-rights in the estate, as if he had paid the claim. The administrator is generally called on to settle claims of which he had no knowledge in their inception; his information as to their validity will necessarily be very imperfect; his loose statements, therefore, in reference to them, would constitute a very unsafe kind of evidence. An administrator, too, may have his prejudices in favor of one creditor, or party interested, in an estate, over another; and experience-teaches us that such, prejudices frequently exist. In this way, he could give one party an unfair advantage over another without any danger to himself.
In this instance, one of the persons who made the admissions was. an heir of the estate. This did not create that kind of privity of interest with the other heirs and creditors that would enable him to make admissions which would bind them; in order to do this,, the interest must not be merely a common, but a joint interest. A community of interest is not sufficient.
But the other administrator, whose admissions are proved, is not *428 shown from the record to have any interest whatever in the estate. It is not necessary for ns to determine whether the doctrine that •once obtained, that the admissions of a nominal party to the record, -could be”received in evidence against the person beneficially interested, is correct or not. No such questiomarises in this case, neither of the persons *whose admissions were proved being parties .at the time the evidence was offered, and one of them never having been a party to the suit.
The court is of the opinion that the evidence was improperly .admitted.
The judgment of the district court will therefore be reversed.