# Fidelity & Casualty Co. of New York v. Crass et al.

(Decided June 20, 1933.)

W. A. BERRY for appellant.

WEBB & WEBB and GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

John W. Hamilton, a widower without children, died testate a resident of Graves county in the month of April, 1928. In his will he directed that all of his just debts be paid, and, after making certain specific bequests to his nephews and nieces and others, devised and bequeathed the balance of his estate to his brothers, sister, sister-in-law, and others, each heir or set of heirs to take one-seventh. Other provisions of the will are as follows:

"Seventh; I have paid as surety some notes for some of the beneficiaries mentioned in clause six of this will. I do not desire that any claim be made in favor of my estate against any of the beneficiaries mentioned in said clause six by reason of any of said payments but desire that such payments be additional gifts to the beneficiaries for whom such payments have been made. I am surety for my brother Sam T. Hamilton on a note for three thousand dollars to Jim Wyatt, I desire that the interest on said note to the date of this will be paid by my estate and that said Sam T. Hamilton should not be charged with anything by reason of the payment of interest and same is gift to him in addition to the amounts given him in clause six of this will. This provision applies only to the interest on said note to the date of this will and not to the principal of said note. * * *

"Ninth; I hereby nominate and appoint my brother, Sam T. Hamilton, sole Executor of this my last will and testament, and desire that he be paid five per cent commission on said entire estate for his services whether distribution of said estate be made in kind or otherwise, and said commission is to be in addition to the devises and bequests given him in this will. I desire that my said Executor shall have and he is hereby given full power and authority to sell and make deeds to any part of my real estate at private or public sale, in his discretion, and he may sell at public or private sale, in his discretion any part of my personal property, or may transfer same by distribution in kind, in his discretion, and make transfer of same either for distribution, or in case of sale said transfer to be made by him as Executor. I desire that inventory and appraisement of my estate be made and that my Executor, Sam T. Hamilton, execute bond as Executor, with surety Company as surety, the premiums to said surety Company to be paid by my estate and not chargeable to the said Sam T. Hamilton individually.''

Sam T. Hamilton, the nominated executor, qualified as such with the Fidelity & Casualty Company of New York as surety. In the year 1931 Mrs. Nannie Crass, one of the devisees, brought suit against the executor, the other devisees, and Jim Wyatt, a creditor, to settle the estate. In her petition she charged, among other things, that the executor had been derelict in not disposing of the property promptly and settling the estate, and that by reason thereof it had greatly depreciated in value. It developed on the hearing that the executor had overpaid himself and other devisees, and, after crediting him with his portion of the estate and certain commissions allowed by the court, he was indebted to the estate, and judgment was rendered against him and his surety for the balance. The surety appeals.

The surety first challenges that portion of the judgment denying the executor any commission on certain real estate sold by the master commissioner, on the interest directed to be paid on the Wyatt note, on his traveling expenses, and one or two other items. In his will the testator expressed the desire that his executor be paid 5 per cent. commission on said entire estate for

his services, whether distribution of said estate be made in kind or otherwise, and adding: "Said commission is to be in addition to the devises and bequests given him in this will." Not only so, but he gave the executor "full power and authority to sell and make deeds to any part of my real estate at private or public sale, in his discretion," and the further power to distribute his personal property in kind, or to sell it at public or private sale in his discretion and distribute the proceeds. In view of this broad language, there can be no doubt that the executor was entitled to 5 per cent. of all property and money distributed or paid out by him, including his reasonable personal expenses, the interest paid on the Wyatt note, and the property sold by the commissioner. Indeed, the only reason assigned for the action of the court is that the executor caused certain losses by reason of his delay in executing the trust, and he thereby forfeited his right to full commission. While in the petition for the settlement of the estate an attack was made on the executor because of his delay, the record does not disclose that there was any hearing or adjudication on this question, and we are not disposed to the view that, in the absence of a hearing and adjudication, the court may deny the executor commissions which the will clearly authorized and directs to be paid. It follows that the court should have allowed the executor 5 per cent. commission on all property and money distributed or paid out by him.

There is the further contention that the court should have held that the testator was only surety on the Wyatt note, and that a recovery thereon was barred by the seven-year statute of limitations. The note in question was for $3,000, was a joint note of S. T. Hamilton, executor, and John W. Hamilton, testator, was dated July 31, 1920, and payable one day after date. It was charged in the petition of Mrs. Crass and in the petition of the executor, for the settlement of the estate, and also in the answer filed by the executor to the cross petition of Wyatt, that the testator was a mere surety on the Wyatt note, and it was barred by the statute of limitations. In his amended answer and cross-petition Wyatt denied that the testator was a surety, or that the note was barred by limitations, and affirmatively pleaded that the testator was the principal on the note, received all the proceeds, and there was filed as an exhibit the check for

the amount of the loan, which was indorsed and cashed by the testator. He further pleaded that a certain mortgage executed by the executor on January 7, 1928, to him and John W. Hamilton to secure the payment of the note was prepared and recorded by the executor without his knowledge. With the pleadings in this state, the burden of showing that the testator was a surety, and that the note was barred by limitation, was on the executor and other beneficiaries under the will, and, as they offered no evidence on the subject, the ruling of the chancellor that the note was not barred might be sustained on the ground that there was a failure of proof. However, even if it be conceded that the testator was a surety on the note, the provisions of his will must not be overlooked. Doubtless, if he had merely directed the payment of his just debts, it would not have had the effect of reviving the note if already barred, Peck v. Botsford, 7 Conn. 172, 18 Am. Dec. 92, but the will goes further. It provides that the interest on the note from the date of the will should be paid by his estate and that Sam T. Hamilton should not be charged with anything by reason of the payment of said interest, and that the same was a gift to him in addition to the amounts given in clause 6 of the will. The will then adds:

> "This provision applies only to the interest on said note to the date of this will and not to the principal of said note."

The effect of this language is that Sam T. Hamilton should be charged with the principal of the note, as well as the interest accruing after the date of the will, and no charge could be made unless it was intended that the note as well as the interest should be paid out of the estate. We are therefore constrained to the view that the language in question is a sufficient acknowledgment of the entire debt to remove it from the bar of the statute.

On the appeal as to Wyatt, the judgment is affirmed. On the appeal as to the other appellees, the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion. Appellant will pay two-thirds of the costs, and the remaining one-third will be taxed against the estate.