## BUTLER, ESTATE OF, In re.

Ohio Appeals, Seventh District, Noble County.

No. 269. Decided December 24, 1945

W. V. Archer, Belle Valley, for the administrator of the estate of Finley Butler.

E. P. McGinnis, Caldwell, for Jesse Butler.

## OPINION

By PHILLIPS, J.

On August 30, 1943, Delbert Butler filed "a petition", supported by affidavit, dated August 28, 1943, "for allowance of claim" against the estate of Finley Butler, deceased, founded upon a promissory note of which he alleged in his petition, and Jesse Butler admitted, the following is a copy:

"Sarahsville, Ohio
October 20, 1923

One day after date I promise to pay to Delbert Butler seven hundred dollars with interest at 6%.

Finley Butler."

In his petition for such allowance Delbert Butler alleged that "no payments have been made on said claim, and no set-off exist against the same, except as above set forth", and there is no evidence that there were any set-offs "set forth"; that "there is due to him on said note the sum of $700.00 with interest from the 20 day of October A. D. 1923"; that he is an heir, legatee and devisee of decedent.

On the 31st day of August, 1943, Letters Testamentary were issued to Delbert Butler on the estate of Finley Butler, whose last will and testament was "duly approved and allowed" by the Probate Court of Noble County on the 5th day of June, 1928.

The petition of Delbert Butler "came on to be heard" in the Probate Court of Noble County on October 16, 1943, "upon the pleadings, evidence and testimony of Delbert Butler and Jesse Butler", "on consideration whereof the court" found "that the allegations in said petition are (were) true and that the claim of said Delbert Butler against said estate amounting to Seven Hundred Dollars, with interest thereon from the 20th day of October, 1923, is a just and valid claim against said estate" and ordered "that said claim be" paid and he thereby allowed it.

Jesse Butler appealed from that judgment of the Probate Court to this court on questions of law and in his notice of appeal filed in the Probate Court on October 21, 1943, stated that he was an heir of Finley Butler "and legatee in said estate", and that such "judgment or order was against him as such heir and legatee in said estate".

Letters of Administration De Bonis Non with the will annexed were issued to W. V. Archer by the judge of the Probate Court of Noble County on December 27, 1944.

On July 10, 1945, W. V. Archer filed the following motion:

"Now comes the Plaintiff, appellee, and respectfully moves the Court to dismiss the appeal herein filed for the following reasons:

"ONE: There is no bill of exceptions filed in said cause.

"TWO: There is no assignment filed in said cause.

"THREE: Brief of Defendant, appellant, was not filed within rule day as set forth by this Court."

That motion was overruled from the bench and the appeal was heard upon its merits.

Jesse Butler contends that the application sets out a copy of the note dated October 20, 1923, which "is plainly barred by

the statutes of limitations"; that even though no bill of exceptions was filed there is sufficient before this court in "the record and papers in this case to show the question involved", and contends that it was "beyond the power of the executor to allow it if it had been presented by another", and that it should not have been allowed by the Probate Court as a valid claim against the estate of Finley Butler.

Since no bill of exceptions was filed we cannot review the "testimony of Delbert Butler and Jesse Butler" upon which the Probate Court in part based his finding and order of October 16, 1943, but are confined solely to a consideration of the pleadings, such evidence, record of, and such papers filed in the Probate Court as are properly before us.

While not introduced as an exhibit in the case, yet the will is one of the original papers submitted, which we will consider and which provides inter alia as follows:

"Item 3d. It is my will that at the termination of the life estate created in Item 1st of this will, my executor hereinafter named shall sell all the real estate therein with out order from court and after paying costs and expenses and funeral expenses of my said wife distribute the proceed thereof as follows: First he is to pay to my son Delbert Butler whatever is due on a note from this testator to said son and the statute of limitations is not to run against said note, all the rest and residue of said proceeds are to be distributed in equal shares to all my children, the three children of Earnest Butler getting his share."

Jesse Butler admits that Item 3 of the will "should be given effect and carried out", but that it should be treated as a legacy "under the will and take its proper place there"; that testator in this case could not waive the statute of limitations; that if allowed as a claim against the estate of Finley Butler it would take precedence over "all provisions of the will instead of taking its place as a legacy", which would absorb all of the assets of the estate and leaving unpaid the funeral expenses of the wife, which by the same clause were to be paid before the note; that "the same authority which creates one creates the other one."

The answer to appellant's contention with reference to the claim of Delbert Butler that Finley Butler could not waive the statute of limitations is found in 34 American Jurisprudence Section 313, Page 251, which provides as follows:

"In general, the question whether a clause in a will constitutes such an acknowledgment of a legal obligation therefor as to remove the bar of the statute seems to depend, as in cases of acknowledgments in other ways, upon the language employed. Thus, a barred debt will not be revived by a general clause in a will directing all the just debts of the testator to be paid, or by a will containing a legacy of a specified amount, with a statement that the same is in consideration of services rendered by the legatee. In several cases, howver, the wording of a testamentary provision has been held sufficient to remove the bar, as where the testator specifically mentions the debt and directs that it be paid, or otherwise clearly indicates an intention to that effect."

The parties and their respective counsel are respectfully referred to 1 L. R. A. (n.s.) 1117; Peck v. Botsford, 7 Conn. 172, 18 Am. Dec. 92; **McNeal v Pierce,** 73 Oh St., 7, 75 N. E. 938; 112 Am. St. Rep. 695, 4 Ann. Cas. 71, cited therein as authority for the foregoing statement.

Without further word this court reaches the unanimous concuusion that the claim of Delbert Butler should be allowed as a claim against such estate and distributed in the order provided by statute and not treated as a legacy, and in that respect the judgment of the Probate Court is modified and as modified is affirmed.

NICHOLS, P. J., CARTER, J., concur in judgment.