The opinion of the court was delivered by
Tilghman, C. J.
This was an action for money lent, &c. brought by the executors of George Wallace, deceased, against the administrators of William Irwin, deceased. In the course of the trial several exceptions to evidence were taken by the counsel for the defendants, and several other exceptions to the charge of the court.
1. The first exception was to the following questions proposed by the plaintiffs to John Scull, one of the defendants, who was sworn as a witness without objection.—“ What is your belief with regard to the state of the accounts between the estates of Wallace and Irwin.”—The witness answered, “ My belief was, that the estate of Irwin was indebted to that of Wallace: my belief was founded on what Mr. Wallace told me.” The plaintiffs then asked the witness “ whether he yet believed so.” This question was also objected to, but permitted by the court to be put. The answer was, “I believe the estate is indebted to Wallace. As to the amount, from what I heard Wallace say, I believe it to be large.” If the witness, who ,was one of the administrators of Irwin, had founded his belief on any knowledge derived from the examination of Irwin’s papers, I think the evidence would have been admissible; because an administrator can seldom have certain and personal knowledge of the affairs of his intestate, yet he may have sufficient information from papers not strictly evidence, to satisfy himself of the justice of a claim against the estate. Such information would justify him in paying a debt, and if he has declared his conviction or belief that a debt is due, I see not why it is not evidence; but in the present case, his belief was not evidence, because he had no •knowledge but what was derived from George Wallace, the creditor, and to admit his belief, was the same as giving in evidence the assertions of the creditor himself. Although the questions put first to the witness, therefore, touching his belief, might not have been illegal in themselves, yet taken in conjunction with the answers, it appears that illegal evidence went to the jury; and when the answers were given, the court ought to have instructed the jury, that they were not evidence, and should be disregarded by them,
2. The next exception, was to another question put by the plaintiffs to Scull: “Was it your intent to plead the act of limitations ?” ■ This was an improper question; all the defendants had pleaded the.act of limitations, and issue was joined on their pleas. If the attorney for the defendants had put in this'plea for Scull, *233 without authority, he should have moved the court for leave to strike it out; but he shall not be permitted to say, that he did not intend to do what it appears by the record, that he has done.
3. The third exception was to the admission of evidence of the declarations of George Wallace to Scull, respecting the state of his account with the estate of Irwin. In general, such declarations certainly would be no evidence; but in one point of view, and for one purpose, they might be evidence. George Wallace was one of the administrators of William Irwin, and it was urged by the defendants, that he never brought forward his claim against Irwin’s estate, which afforded a strong presumption that he knew he had no just claim; now to i’ebut this presumption, his declarations to Scull, that the estate of Irwin was indebted to him, were evidence; but they were no evidence to prove the quantum of his account, or even to prove that any part of the account was sustainable.
I have now gone through the minor points of the cause; the great question was on the act of limitations; and the charge of the court on that subject is to be considered. A very important point was raised by the defendant’s counsel, which it is unnecessary to decide, because it does not fairly arise from the evidence. This point was, whether one administrator may charge the estate, by refusing to plead the act of limitations, although his co-administrator insist on pleading it. But it is clear enough, by the evidence, that Mr. Scull, although he did not desire to plead the act, and did not think it proper that it should be pleaded, was determined to act in such a manner as should leave the widow of William Irwin at liberty to avail the estate of that plea if she judged it right to do so. Mr. M‘Donald, a witness for the plaintiff, swore, that Scull told him he had no doubt that the estate of Irwin was indebted to Wallace, but how much he could not tell. But in the same conversation, Scull observed that Mrs. Irwin was outrageous about Wallace’s claim, and was determined to plead the statute of limitations'. She said, she would not pay a cent of it. Scull said, he would leave the matter to her altogether, and would have nothing to do with it. And this was confirmed by Stull, in his own testimony, in the strongest terms. For, he swore, that he never had an idea of depriving the other administrators of the benefit of the act, if they chose, to avail themselves of it. There was no contradiction in the evidence on this point, and the defendants’ counsel had a right to the court’s opinion, whether Scull’s acknowledgment, taking it altogether, took the case out of the act of limitations. The law has been well settled by repeated decisions of this court. The principle is this. A slight acknowledgment of an existing debt is sufficient to take the case out of the statute; because the jury may, and ought to presume a new promise; but the acknowledgment is to be taken altogether, and if, on the whole,’ it is inconsistent with a new promise, no new promise shall be implied, and the statute shall bar. This is such plain common *234 sense, that it is a wonder any opinion should evér have been held to the contrary. Now, to apply the law to the evidence in this case, Mr. Scull’s confession considered in tofo, is altogether inconsistent with a promise to pay; because he expressly declared, that Mrs. Irwin was determined to plead the statute, and he would leave the matter to her, and would have nothing to do with it. I am at a loss for any argument to show the inconsistency of this acknowledgment with a promise to pay. The meaning is so plain, that it is impossible to misunderstand it. Had there been any thing contradictory, or even doubtful in the evidence, it would have been proper for the court to leave the matter to the jury; but every thing being certain, the charge ought to have been peremptory, that there was nothing to take the case out of the statute.
One other error was complained of, in the charge of the court. The defendants had not been able to give direct evidence of payment, but had proved many facts and circumstances, from which, in their opinion, payment might be presumed; and their counsel requested the court to charge the jury that they were authorized to presume that the plaintiffs’ claim had been paid. This the court refused to do, but submitted the fact of payment to the jury, and, in my opinion, with great propriety. I take the meaning of the defendants’ counsel to have been, that a legal implication of payment arose from the evidence; and if so, the jury were bound to find the payment. Now, certainly, no facts were given in evidence, from which the law would imply payment. But the defendants’ counsel have said, in the argument before us, that their meaning was misapprehended, and they only desired the court to instruct the jury, that they were at liberty to exercise their judgment, and find in favour of the defendants, on the issue of' payment, if they thought the evidence warranted it. I can only say, that if such was their meaning, it was not clearly expressed. In this part of the charge, therefore, there was no error. I am of opinion, on the whole, that the judgment should be reversed, and a venire de novo awarded;
Judgment reversed, and a venire facias de novo awarded.