[LIMITATION.]

## THOMPSON *against* PETER & JOHNS, Administrators *de bonis non* of PETER, deceased.

An acknowledgment of the debt by the personal representatives of the original debtor, deceased, will not take the case out of the statute of limitations.

ERROR to the Circuit Court for the District of Columbia. This was an action of assumpsit brought in September, 1822, by the plaintiff against the defendants, for goods sold, &c. to their intestate. At the trial in the Court below, the plaintiff gave in evidence, that in the lifetime of the intestate, James Peter, who died in the year 1808, he admitted the payment, at his request and for his use, by the plaintiff, of the 800 dollars, charged in the account produced; that after the death of said Peter, and after his brother D. Peter had obtained letters of administration on his estate, an account, of which the one now in suit is a copy, was drawn off, passed the Orphan's Court, and presented to said D. Peter, as said administrator, for payment; to which he answered, there were no funds in hand to pay the debts of the intestate. The said account, with the certificate of allowance by the Or-

phan's Court thereon, and so presented as aforesaid, was left in the hands of said D. Peter after his death, which was in the year 1812; and after the defendants had qualified as administrators *de bonis non,* some time in the spring or summer of the year 1820, an application was made on behalf of the plaintiff to the defendant, G. Peter, for a settlement of the said account: to which he answered, that he knew very little of the business of the estate, which was principally attended to by the other defendant, Johns, but there were no funds in hand to pay the debts of the estate; and in a subsequent conversation, the said G. Peter, in answer to another application for payment of the said account, said, that until a recovery could be had from one Magruder, to whom lands of the intestate had been sold, for the purchase money of which a suit was pending, the administrators would have no funds to pay James Peter's debts; application for a settlement was then made in behalf of the plaintiff to said Johns, to whom the other defendant had referred as the acting administrator, and the said Johns was requested to see if the said account, before delivered to said David Peter as aforesaid, was not among the files of his papers, and to return it for the purpose of bringing suit on it: to which the said Johns replied, that he had seen, or believed the account was on file; would look for and return it; and further said, there were no funds in hand to pay the debts of the estate; and on a second application to the said Johns for the said account, he said he had looked for it and could not find it.

A verdict was taken, subject to the opinion of the Court, whether the above was sufficient evidence, to be left to the jury, of a subsequent acknowledgment of the debt, to take the case out of the statute of limitations. A judgment having been rendered for the defendants, the cause was brought by writ of error before this Court.

*Feb. 23d.*　　The cause was argued by Mr. *Jones* for the plaintiff, and by Mr. *Key* for the defendants.

*March 1st.*　　Mr. Chief Justice MARSHALL delivered the opinion of the Court.

This was a suit brought in September, 1822, on a promise alleged to have been made by the intestate of the defendant, who died in the year 1808. The defendant pleaded *non assumpsit*, and the statute of limitations, on which pleas issue was joined. By consent of parties a verdict was found for the plaintiff, subject to the opinion of the Court, whether the evidence which is stated in a case made by the parties, be sufficient to be left to the jury as evidence of a subsequent acknowledgment, competent to take the case out of the statute of limitations. The Court gave judgment for the defendants, which judgment is now before this Court on a writ of error.

The Court is of opinion that the Circuit Court decided rightly. The original administrator, David Peter, did not acknowledge the debt, but said there were no funds in hand to pay the debts of the testator. This language might be used by a person not intending to give any validity to the claim, and ignorant of its real merits. The conversation with one of the present defendants, George Peter, was still further from being an acknowledgment. Had this even been a suit against the original debtor, these declarations would not have been sufficient to take the case out of the statute. The cases cited from 8 *Cranch's Rep.* 72. and 11 *Wheat. Rep.* 209. are expressly in point. But this is not a suit against the original debtor. It is brought against his representative, who may have no personal knowledge of the transaction. Declarations against him have never been held to take the promise of a testator or intestate out of the act. Indeed, the contrary has been held.

Judgment affirmed, with costs.