The opinion of the court was delivered by
Gipson, C. J.
The concession that the plaintiff’s claim is just, and the promise to see what could be done for him, would doubtless be sufficient to maintain an action, if the consideration were the defendants’ own debt. But can any acknowledgment by an executor or administrator, preclude him from pleading the statute of limitations to a count on the original cause of action? In Jones v. Moore, 5 Binney, 573, and subsequently in Bailey v. Bailey, 14 Serg. & Rawle, 195, and Scull v. Wallace, 15 Serg. & Rawle, 231, it was doubtless taken for granted, that a recovery may be had against a plea of the statute, on proof of an acknowledgment by the personal representative. But it is to be remarked, that the point has not been adjudged, and that no recovery has in fact been had; and the inquiry is consequently not clogged by the authority of a precedent. In respect to the first of those cases, it is fair, too, to say it was the first step taken by this, or perhaps any other court, in returning to the spirit and letter of the statute.' But when it was .determined that a recognition of the old debt is no more than evidence of a new promise, which, when made to the representative of a decedent, can be sued by him but in a personal character, it was virtually determined that the same recognition by a personal representative, is but evidence of a new promise, on which he may not be sued, otherwise than in his personal character, without overturn *71 ing some of the most firmly fixed principles of the law; for nothing is better settled than that(an executor or administrator is answerable in his official character, for no cause of action, that was not created by the act of the decedent himself Jand it is therefore singular, that the principle in its application to these convergent propositions, was not carried out. In actions against the personal representative, on his own contracts and engagements, though made for the benefit of the estate, the judgment is de bonis propriis; and he is, by every principle of legal analogy, to answer it with his person and property. The pleadings, it is true, have not hitherto been moulded to the new principle; nor could they be in the case of an acknowledgment by a personal representative, whose promise gives no action against him, unless it be sustained by some other consideration than the previous debt, which imposes no moral obligation to pay it out of his own pocket, especially, since he has been deprived of all colour of title to the residue. Had the judges, when they determined that a promise to the representative of a decedent must be declared on as such, also determined that it must be declared on as such, when made by him, they would have restored the law to its primitive symmetry, and suggested a principle that would have entirely extinguished the notion of revival, which, for want of it, seems to have lingered in its embers through the succeeding cases; for the forms of the law are the indices and conservatories of its principles. It would not only have indicated the necessity of a special consideration, to support the promise of a representative, but it would have disclosed a bar to an action against two or more, on a promise by one. And as he cannot charge himself personally without a new consideration, he cannot charge the estate, on the foundation of the old one, to the prejudice of the creditors, whose fund might be materially lessened by it. He is not bound to plead the statute, because he may know the debt to be a just one; and for that reason only, the matter is left to his discretion; but it'follows not, that he may tie up his hands from using it, when the time comes, by a mistaken concession, or an engagement which has no consideration to bind him personally or officially. Besides, it would be hazardous to expose the estate to the consequences of his inexperience or ignorance of the demands made upon him. We know how perilous a thing it is for the debtor himself, though armed with knowledge and vigilant to guard against surprise, to converse about a debt barred by the statute; but the peril would be overwhelming, if the estate were to be jeoparded by the mistakes of one, who is bound to parley, and has not only every thing to learn, but to learn it from those whose interest it is to mislead him. Why, then, should we not finish what was so well begun in Jones v. Moore, by making the law of the subject consistent in all its parts, and giving to the statute entire effect, both in substance and in form. To do so, would involve no violation of that *72 case as a precedent, for, as I have said, the point was not adjudged; and the step remaining to be taken in the progress of departure from the doctrine of revival, is no greater than was taken there. Indeed, there is no course open to us, but to follow the principle out, or abandon it altogether; for, to be consistent, we must either return to the doctrine of revival without qualification, or maintain that an actioiTon his own promise, lies not against an executor or administrator in his official character. And for saying it does not, we have the authority of Thompson v. Peters, 12 Wheat. 565, and Peck v. Botsford, 7 Conn. R. 178; in both of which, the point was directly ruled. There was, therefore, nothing to leave to the jury; and the exclusion of the evidence, as well as the direction to find for the defendants, was entirely proper.
Judgment affirmed.