# Reynolds *against* Hamilton.

A promise of an executor to pay the debt of his testator will not take it out of the operation of the statute of limitation.

*Quære.* Whether the promise of a residuary legatee would bind him, in consideration of his legacy, to pay a debt of the testator.

ERROR to the common pleas of *Armstrong* county.

David Reynolds against James Hamilton surviving executor of Thomas Hamilton deceased. Summons case in *assumpsit*. Plea, *non assumpsit infra sex annos*. The cause of action did not accrue within six years; and to avoid this difficulty the plaintiff gave in evidence the will of Thomas Hamilton by which he made Thomas M'Connell residuary legatee of his estate, and appointed him and the present defendant the executors. He also proved that Thomas M'Connell, one of the executors, in his lifetime promised to pay the

[Reynolds v. Hamilton.]

debt claimed in this suit, and did actually pay 200 dollars on account of it. The question was, whether this proof was a sufficient answer to the defendant's plea. The court below (White, President) was of opinion that it was not, and directed a verdict for the defendant.

*Brown* and *Buffington*, for plaintiff in error, cited, 17 *Serg. & Rawle* 347; 1 *Whart. Rep.* 60.

*Coulter*, for defendant in error.

PER CURIAM.—Whether the promise of a residuary legatee would bind him, in consideration of his legacy, to pay the testator's debt, is not the question; it is contended that it took the debt out of the statute of limitations against the executor. According to Fritz *v.* Thomas, 1 *Whart. Rep.* 66, the executor's own promise would not do so. As the old promise is not revived but superseded by the new one, the consideration of a moral obligation would be wanting to make him personally liable; and though the residuary legatee may possibly be under a moral obligation to pay the testator's debts, though that is by no means clear, his promise to do so could bind no one but himself. The direction was therefore right.

Judgment affirmed.