NATHAN OAKES, JR. *vs.* EDWARD H. MITCHELL, *Adm'r.*

Declarations or acknowledgments from which a new promise might be infer-
red, if made by the debtor himself, will not be sufficient for that purpose
when made by the executor or administrator. If the executor or adminis-
trator can charge the estate by any promise made by him to pay a demand
barred by the statute of limitations, it must be an express promise or agree-
ment to pay, and not a mere acknowledgment of the existence of the debt.

The mere expression of an intention by the administrator to pay a debt barred
by the statute of limitations, is not sufficient to prevent the operation of the
statute.

The words, " an arrangement will soon be made to pay the note. I calculate
to pay it, and I always calculated to pay it," addressed by the administrator
of an estate to the holder of a note barred by the statute of limitations, are
not sufficient to charge the estate.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J.
presiding.

Assumpsit on a note, given by *Daniel Mitchell,* the intestate, to
*Nathan Oakes, Sen.,* or order, for $100 on demand with inter-
est, dated *June* 8, 1818, and indorsed by the payee. With other
grounds of defence, not noticed in the opinion of the Court, the
statute of limitations was pleaded and insisted on at the trial. For
the purpose of proving a new promise, the plaintiff called a wit-
ness, who testified, that after the death of the intestate, in *Februa-
ry,* 1837, he received a letter from the plaintiff, directing him to
place the note in the hands of an attorney for collection, if after
once more notifying the defendant he neglected to pay it immedi-
ately ; and that he called on the administrator, who said, " an ar-
rangement will soon be made to pay the note. I calculate to pay
it, and I always calculated to pay it." The Judge ruled, that this
was sufficient to prove a new promise, and directed a verdict to
be returned for the plaintiff. The defendant filed exceptions.

The case was argued in writing.

*Mitchell* and *Eastman,* for the defendant, contended : —

1. That when a claim is barred by the statute of limitations at
the time of the death of an intestate, the administrator has not, nor
should he have, the power by any promise of his to revive the de-
mand against the estate, and thus impair the rights of other credi-
tors, or of heirs. They admitted, that there were some decisions

opposed to this position, but said they were made at a time when the courts had nearly repealed the statute, and were inapplicable to the state of things since the recent decisions ; and they urged, that the better opinions were against the right of the administrator to revive the demand by any act of his. 9 *Dowl. & Ry.* 40 ; 14 *Serg. & R.* 195 ; 15 *Serg. & R.* 231 ; *Chitty on Con.* 334 ; 1 *Wharton*, 66 ; *Parsons* v. *Mills*, 2 *Mass. R.* 80 ; *Gardner* v. *Tudor*, 8 *Pick.* 210 ; *Brown* v. *Anderson*, 13 *Mass. R.* 201 ; *Richmond, Pet'r*, 2 *Pick.* 567.

2. But if the administrator can in any case by a promise of his revive a claim barred by the statute, the evidence in this case is not sufficient for that purpose. *Porter* v. *Hill*, 4 *Greenl.* 41 ; *Deshon* v. *Eaton*, *ib.* 413 ; *Bangs* v. *Hall*, 2 *Pick.* 368 ; *Robbins* v. *Otis*, 3 *Pick.* 4 ; *Cambridge* v. *Hobart*, 10 *Pick.* 232 ; *Perley* v. *Little*, 3 *Greenl.* 97.

*Fessenden & Deblois*, for the plaintiff.

This was an unambiguous acknowledgment of the debt. An acknowledgment within six years by the executor or administrator of the debtor, that the debt is undischarged, will take it out of the statute of limitations. The evidence also is sufficient to prove a new promise to pay the debt. Either will sustain the action. *Porter* v. *Hill*, 4 *Greenl.* 41 ; *Deshon* v. *Eaton*, *ib.* 413 ; *Baxter* v. *Penniman*, 8 *Mass. R.* 133 ; *Brown* v. *Anderson*, 13 *ib.* 201 ; *Emerson* v. *Thompson*, 16 *ib.* 429 ; *Whitney* v. *Bigelow*, 4 *Pick.* 110 ; *Bangs* v. *Hall*, 2 *Pick.* 368 ; 10 *Bingham*, 446 ; 1 *Car. & P.* 631.

The opinion of the Court, after a continuance for advisement, was drawn up by

SHEPLEY J. — That an executor or administrator may by an express promise take a case out of the statute of limitations appears to be the settled law of *England*. The like rule of law was recognized in *Massachusetts* and *New-York* in the cases of *Emerson* v. *Thompson*, 16 *Mass. R.* 429, and *Johnson* v. *Beardslee*, 15 *Johns. R.* 3. While the Courts in *Connecticut* and *Pennsylvania* have come to a different conclusion. *Peck* v. *Batsford*, 7 *Conn. R.* 172 ; *Fritz* v. *Thomas*, 1 *Whar.* 66.

This case does not appear to call for a decision of the point in this State, for no promise by the administrator is proved. An acknowledgment of a present existing debt is not of itself a new promise, but evidence from which one may be inferred. *Hyling* v. *Hastings,* 1 *Ld. Raym.* 389. In determining what language will be sufficient to raise a new promise, there is a distinction between those, who are acting for themselves, and those who are acting in trust for others, which must be regarded. Declarations or acknowledgments, from which a new promise might be inferred, if made by the debtor himself, when made by an executor or administrator, will not be sufficient to charge the estate. There must be a clear agreement or promise to pay. In the case of *Tullock* v. *Dunn, Ryan & Moody,* 416, *Abbott C. J.* says, "as against an executor an acknowledgment merely is not sufficient to take a case out of the statute; there must be an express promise." So in *Thompson* v. *Peter,* 12 *Wheat.* 565, *Marshall C. J.* says, "this is not a suit against the original debtor. It is brought against his representative, who may have no personal knowledge of the transaction. Declarations against him have never been held to take the promise of a testator or intestate out of the act. Indeed the contrary has been held." According to these cases, if the language used by the defendant would admit of such a construction as to make it equivalent to an acknowledgment, that the debt was due, it would not be sufficient. Does it amount to a new promise?

In the case of *Perley* v. *Little,* 3 *Greenl.* 97, it was said, that equivocal expressions ought not by construction to be converted into promises; and that rule should be closely adhered to, when the promise is to be proved, not against the party himself, but against his legal representative. When an administrator says an arrangement will soon be made to pay a demand against the estate, the fair intendment is, that he designs to make such a disposition of the ·assets as will enable him to do it. The word, " calculate," properly signifies to compute or reckon, but in this case it must have been used inaccurately and in a different sense. If the language used be examined either together, or each phrase by itself, the idea intended to be conveyed will appear to be, that it was his design or intention to pay the note, and that he had always so intended. Is an intention to do a thing a promise

Poland *v.* Wilton.

to do it? Apply such language to other transactions and no one would understand, that a contract had been already made. When a purchaser expresses his intention or design to purchase, or if he should say, he " calculates " to purchase, having reference to a future time, *the seller does not understand,* that a contract has been made. So here the administrator expresses what his present intention was to do at a future time, but he does not expressly promise that he will do it. And if the witness had at that time pressed him to make a positive promise to pay, he might without any inconsistency have said, no, it is my intention to pay it, but I will make no promise. Without saying, that such language as the defendant has been proved to have used in this case would not be sufficient, when used by a person, who was himself the debtor, to enable a jury to infer a promise, it does not prove that express promise, which, as against an administrator, is necessary to take a case out of the statute.

*Exceptions sustained, and new trial granted.*