### JAMES CHAMBERS *vs.* JOHN FENNEMORE'S Adm'r.

An executor or administrator is not bound to plead the act of limitation in all cases to which it would apply.

An unqualified acknowledgment of a subsisting debt by an administrator, and of his liability to pay it; will prevent the bar of the act of limitation, without an express promise to pay.

Thus, an account settled and an agreement under hand admitting the balance due, will have such effect.

And the administrator may be sued upon such an agreement in assumpsit on an account stated with him, though the original cause of action against his intestate might have been barred by limitation.

NARR. in assumpsit on an account stated with the intestate, *and also with the administrator.* Pleas non assumpsit; payment; discount, and the *act of limitation.*

The suit was commenced May 10th, 1845, and was sustained by proof of the following settlement under hand. "Jan. 6, 1840. This day James Chambers and Thomas Fennemore, administrators of John Fennemore, deceased, settled, and there was a balance due from the estate of John Fennemore to James Chambers, of $249 10."

*Mr Wales,* made the point that this written acknowledgment under the hand of the administrator, of a sum due the plaintiff, was not sufficient to entitle the plaintiff to recover without an actual promise of payment.

*The Court* charged the jury that the plaintiff was entitled to recover; and told the defendant's counsel if he wished to argue this question more fully, whether this evidence of a settlement was sufficient to prevent the bar of the statute of limitation, he might move for a new trial for misdirection.

Verdict for the plaintiff, and rule to show cause why a new shall not be granted.

*Mr. Wales.*—It is not competent for an administrator by acknowledging a debt, to take it out of the act of limitation. The protection

and security of decedent's estates, require that a mere acknow-ledgment shall not have this effect. Such an acknowledgment, with-out an express promise to pay, will not take a case out of the act of limitation. An acknowledgment by both executors, and a promise by one to pay, is not sufficient. There must be an express promise by *all* the executors. (2 *Wms. Ex'rs.* 1197; 21 *Eng. C. L. Rep.* 478; 12 *Wheat. Rep.* 565; *Cox Digest* 465; *Toller Ex'r.* 343, 429; 1 *Eq. Ca. Ab.* 309; 15 *Ves. jr.* 498.)

*Rogers.*—This question depends on our own statutes. The English decisions, as well as their statutes on this subject, have been con-flicting; but in this State, at least since the case of Newlin and Duncan, the law is settled. Under the act of 1782, § 5, the executor was not authorized to pay any debt barred by limitation. That act was varied by the act of 1793, which provided, that the former act should not apply where there was an acknowledgment of a subsisting demand under the hand of the party. Such an acknowledgment is equal to a promissory note. In Newlin *vs.* Duncan, the Court of Appeals decided, that the mere acknowledgment of a debt was evi-dence of a promise to pay it. (1 *Harr. Rep* 204.) The same principle is recognized in Black's executors *vs.* Reybold, 3 *Harr. Rep.* 528.

In the present case there is no evidence that the claim was ever barred by limitation. It does not appear but that the demand was of a character to which the statute did not apply.

The writing is not a mere recognition, but a promise to pay the debt. It is an instrument upon which an action might be brought, without resorting to any thing else. (1 *Harr. Rep.* 214; *Dig.* 397.)

*Wales.*—The case of Newlin and Duncan refers to an acknow-ledgment by the original debtor; and I do not question it as to this. But it is different as to the acknowledgment of one acting in a repre-sentative character. The exception in the act of 1829, (*Dig.* 397,) has reference to settlements made by the original parties, and not persons acting in a representative character. No case has been shown, or can be shown, from any court of authority, deciding that the mere acknowledgment by an administrator of a debt due, without a promise to pay it, will revive a debt barred by limitation.

*Curia advisare vult.*

BOOTH, *Chief Justice.*—This was an action of assumpsit, com-menced on the 10th of May, 1845, and tried at the May term, 1846. The declaration contains two counts. The first count is upon the

promise of the intestate, for goods sold and delivered, money lent, and, money paid by the plaintiff; money had and received by the intestate for plaintiff's use; and for money found to be due from the intestate to the plaintiff, on an account stated between them. The second count is upon the promise of the defendant as administrator, to pay the plaintiff the sum of $249 10, found to be due to him from the defendant, as administrator, on an account stated between them.

The pleas are: 1. Non assumpsit. 2. Payment. 3. Discount. 4. The act of limitation.

Upon the trial of the cause, the plaintiff offered no evidence under the first count, but relied on the second count; the only evidence in support of which, was a written acknowledgment under the hands of the parties in these words: "January 6th, 1840. This day James Chambers, and Thomas Fennemore, administrator of John Fennemore, deceased, settled; and there was a balance due from the estate of John Fennemore, deceased, to James Chambers, of two hundred and forty-nine dollars and ten cents."

(Signed)    JAMES CHAMBERS.

THOMAS FENNEMORE, Adm'r.

The *defendant's* counsel insisted that the original demand against the intestate was barred by the act of limitation, and that the plaintiff was not entitled to recover, because there was no express promise by the administrator, to pay the balance ascertained to be due on the settlement made between them.

The court charged the jury, that the written acknowledgment was sufficient evidence to support the second count in the declaration, and to entitle the plaintiff to recover. Under this instruction, the jury found a verdict for the plaintiff for $344 24; being the amount of the principal sum of $249 10, and its interest.

The defendant's counsel obtained a rule to show cause why the verdict should not be set aside, and a new trial granted; and filed the following reasons: 1st. Because the verdict is against the law and the evidence in the cause. 2d. Because of the misdirection of the court in their charge to the jury, in declaring to the jury, that the evidence produced by the plaintiff was sufficient to sustain this action.

At the hearing of the rule, the defendant's counsel assumed in his argument, that the original demand against the intestate was barred by the act of limitation; and then contended, that no acknowledgment of an executor or administrator, whether by parol or in writing, of a debt due from him in his representative character, prevented

the operation of the act, unless such acknowledgment was accompanied by an express promise to pay: that the written acknowledgment under the hands of the plaintiff, and the defendant as administrator, contained no express promise on the part of the latter to pay the balance found to be due upon their settlement; and, therefore, that such written acknowledgment did not prevent the bar of the act of limitation.

To this argument it may be answered: 1st. That it does not apply to the case. 2d. That it is not sustained by the decisions of the courts in this State, or by the case cited in its support. As the plaintiff offered no evidence in support of the first count, it could not appear that the original demand against the intestate was barred by the act of limitation, either before or after his death. The plaintiff proceeded entirely upon the second count, and relied on the promise and undertaking of the defendant, in his character as administrator, to pay the balance found to be due to the plaintiff, on the account stated between them. This constituted a good cause of action against the defendant in his representative capacity; distinct from, and independent of, the original demand against the intestate. (*Smith's Adm'r.* vs. *Forty,* 4 *Carr. & Payne* 126; 19 *Com. Law Rep.* 306.)

An account stated is an agreement, by both parties, that all the items are true. It changes the character of the original debt, and is a new contract or undertaking. The stating of the account is the consideration of the promise to pay the sum found to be due; and therefore the items need not be proved. (*Trueman* vs. *Hurst,* 1 *Term. Rep.* 42; *Foster* vs. *Allanson,* 2 *Term. Rep.* 482.)

In the present case, the written acknowledgment under the hands of the parties, was the only evidence offered under the second count. It was admitted without objection, and was amply sufficient to sustain it. It showed that an account was stated and settled between the parties, in relation to claims and demands existing between the plaintiff and the intestate in his life time; that upon such settlement, a balance of $249 10, was found to be due from the intestate, and that the defendant, as administrator, promised to pay it; thus proving a new cause of action against the defendant, for which the plaintiff was entitled to recover, without reference to his original demand against the intestate. The written acknowledgment is equivalent to a promissory note, or any other unsealed instrument, containing an admission of a debt, and a promise to pay it. The only question that could arise in this cause respecting the act of limitation, was, whether

the cause of action under the second count was barred: and clearly it was not; because by the 5th section of our act, (*Dig.* 397,) "when the cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within six years from the accruing of such cause of action." Here then, is an acknowledgment under the hand of the defendant, as administrator, of a subsisting demand, signed the 6th of January, 1840, upon which a suit is instituted on the 10th of May, 1845; and, therefore, is not within the operation of the act of limitation.

2d. Admitting that the plaintiff offered evidence in support of the first count, and it clearly appeared, that the original demand against the intestate was barred by the act of limitation; still the plaintiff was entitled to recover upon the second count founded on the account stated. The position that no acknowledgment by an executor or administrator, either by parol, or in writing, of a debt due from him, in his representative character, prevents the operation of the act of limitation, unless accompanied by an *express* promise to pay the debt, is not sustained by the decisions of our own courts, or by the case cited in support of the position. An unqualified and unconditional acknowledgment of a present, subsisting debt, and that the party is liable and willing to pay it, has always been held in this State, to take a case out of the act of limitation; and since the act of 1829, such an acknowledgment by an executor or administrator is sufficient for that purpose, in an action against him, for a debt due from the deceased. An express promise to pay, is not necessary, either by the original party, or by his personal representative. Our courts have always held, as between the original parties, (and since the act of 1829, the principle applies to executors and administrators,) that the acknowledgment revives the old debt, and is a waiver of the statute. Hence, an acknowledgment made after action brought, has always been received in this State, to prevent the bar of the statute; although in England, it has been lately decided otherwise. (*Bateman et al.* vs. *Pinder*, 43 *Com. Law.* 873.) But in an action against an executor or administrator, for a demand against the deceased debtor, if it be material for the plaintiff to avail himself of a promise or acknowledgment by the personal representative, to avoid the act of limitation, it is necessary, besides the usual counts upon the original demand against the testator or intestate, to add one or more counts on promises by the executor or administrator in that character. Without such counts, the promise or acknowledgment cannot be

given in evidence, because it does not support the counts upon the original contract of the deceased with the plaintiff.

By the statute 9 *Geo.* 4, *chap.* 14, *sec.* 1, no acknowledgment or promise by words, is sufficient to take any case out of the operation of the statutes of limitation. For such purpose, the acknowledgment, or promise, must be made or contained by or in some writing, to be signed by the party chargeable thereby. It is remarked by Tindal, C. J., in Haydon, assignee of Sutton *vs.* Williams, 7 *Bing.* 163; 20 *Com. Law Rep.* 87, that the statute did not intend to make any alteration in the construction to be put upon acknowledgments or promises made by defendants, but merely to require a different mode of proof; substituting the certain evidence of a writing signed by the party chargeable, instead of the insecure and precarious testimony to be derived from the memory of witnesses. To inquire, therefore, since the statute 9 *Geo.* 4, *chap.* 14, whether, in a given case, the written document amounts to an acknowledgment or promise sufficient to take the case out of the statute of limitation, is no other inquiry, than whether the same words, if proved before the 9 *Geo.* 4, *chap.* 14, to have been spoken by the defendant, would have had a similar operation and effect. As an express promise, either by the original party liable, or by his executor or administrator, to pay the debt, was at no time necessary to take the case out of the statute of limitation before; neither is it necessary since the 9 *Geo.* 4. An acknowledgment by the party, which contains a direct admission of a present, subsisting debt, and raises an implied promise to pay, is equally sufficient since, as it was before the statute. The case of Tulloch *vs.* Dunn et al. executors of Hanley, cited for the defendant, was decided by Abbott, C. J., afterwards Lord Tenterden, at Trinity term, 1826, in the 7 *Geo.* 4, *Com. Law. Rep.* 478, *Ryan and Moody* 416. This case is relied upon by the defendant's counsel, as establishing the position that in an action against an executor, an express promise by him is necessary to prevent the operation of the statute of limitation. An attentive examination of the case will not lead to such an inference. The declaration contained the usual money counts, stating promises both by the testator, and the executors. The defendant pleaded the general issue, and the statute of limitation. The testator died upwards of six years before the action was brought; and both the executors had, within six years, acknowledged the plaintiff's demand was due. One expressly promised it should be paid; but the other did not, because it was doubtful whether the payment would be sanctioned by the family. The Chief Justice

nonsuited the plaintiff; because neither an express promise by one of two executors to pay, nor the mereeacknowledgment by both, that the debt was due, but from which acknowledgment no implied promise to pay could be inferred, was sufficient to take the case out of the statute. To have entitled the plaintiff to a recovery, it was necessary either that both the executors should have expressly promised to pay, or that both should have made such an acknowledgment of the debt, as under the circumstances of the case, would have raised an implied promise to pay it. The reason why an express promise, or such an acknowledgment by only one of several executors or administrators, where he is not authorized by the others to act for them, is not sufficient to take a case out of the statute of limitation as to all, is because it does not maintain the issue. The allegation is, that both promised; and the proof is, but one promised. It is wholly unlike the case of an acknowledgment or promise by one of several partners, joint debtors, or makers of a promissory note, which is received as evidence against all; because, as there is a joint interest among them, an admission by one, is an admission by all. And if several executors or administrators authorize one to transact the business of the deceased's estate, they would be bound by his express or implied promise. That Lord Tenterden never meant to lay down such a rule as the defendant's counsel contends for, is manifest from his opinion, and that of the other judges of the King's Bench, in the case of M'Culloch *vs.* Dawes and another, executors, reported in 22 *Com. Law Rep.* 385; 2 *Dowling & Ryland* 40. The case was decided at Michaelmas term, 1826, 7 *Geo.* 4; five months after the case of Tulloch *vs.* Dunn et al. executors of Hanley. The case of M'Culloch *vs.* Dawes and another, was assumpsit upon the money counts; laying the promises, first, by the testator in his life time; and secondly, by the defendants as his executors, since his death. The pleas were the general issue and the statute of limitation. At the trial of the cause it was admitted that as to the testator, the debt was barred. The question was, whether an acknowledgment made within six years by Dawes, one of the executors, who had taken upon himself the most active part in the management of the testator's affairs, was such as would take the case out of the statute of limitation. Shortly before the action was brought, the plaintiff called on Dawes, one of the defendants; stated his claim upon the testator's estate; and expressed a hope that the executors would see it settled. Dawes admitted the debt was just, and had never been paid; but that he could do nothing without the

consent of the testator's family. Lord Tenterden, before whom the case was tried, was of the opinion, that this was not such a personal acknowledgment of the debt, or promise to pay it, as would take the case out of the statute, and therefore nonsuited the plaintiff.

Upon a motion to set aside the nonsuit, and for a new trial, the chief justice, and the other judges, never gave the slightest intimation that an express promise was necessary. They were of the opinion, that there was no such acknowledgment of the existence of the debt as amounted to an admission that the executor thought himself liable to pay it; or from which the law would imply a promise to pay on behalf of himself and his co-executor; but that it was a mere reference of the plaintiff to the family of the testator to say, whether the debt should be paid or not. The court admitted the well settled principle, that a mere acknowledgment of the existence of a debt, unaccompanied by a promise, express or implied, to pay it; is not sufficient to take a case out of the statute of limitation: from which it is to be inferred, that had the acknowledgment been accompanied by an implied promise to pay, it would have been sufficient for that purpose; and, therefore, that an express promise is not necessary.

An executor or administrator in this State, is not bound to plead the act of limitation against an unquestionably just and honest debt. In such case he may, consistently with the faithful exercise of his trust, remove the operation of the act by an express promise, or by an acknowledgment accompanied by an implied promise to pay the debt. But if the demand is of doubtful or suspicious character from lapse of time, the death of witnesses, loss of papers, or other circumstances, he is bound to protect the estate by resisting the claim; and has no right to waive any legal defence to an action brought to enforce it. If he does, or if he pays it voluntarily, he acts at his peril; and renders himself liable to those who are interested in the personal property of the deceased.

In the present case, the opinion expressed by me at the trial, remains unchanged. The direction of the court to the jury was right; and the verdict being in conformity with it, ought not to be disturbed. The rule therefore, ought to be discharged, and judgment given for the plaintiff.

HARRINGTON, *Judge.*—Under the old limitation act of 1792, which prohibited an administrator from paying any account or demand against the estate of his intestate, of longer standing than three years next before the intestate's death, it was held that an administrator could not by his acknowlegment or promise, revive a debt thus

barred, so as to charge the estate. But it does not appear to have been decided in respect to debts not barred at the time of the intestate's death, that the administrator might not by his acknowledgment, prevent or remove the bar of the act. The contrary opinion was maintained by the Court of Appeals, in Parkin's administratrix *vs.* Bennington. (1 *Harr. Rep.* 209.)

The act for the limitation of personal actions, passed in 1829, which supplied and superceded that of 1792, omits the provision, which in efect, *required* an administrator to plead the statute, as a bar to every claim of longer standing than *three* years, leaving it in the discretion of an administrator, to use this defence only where the purposes of justice, and fair protection of the estate, require the statute to be pleaded : the exercise of this discretion being subject to review in the tribunals before which he is compelled to account. There is nothing, therefore, in our present limitation laws, that requires an administrator to set up the statute in bar of a claim which he knows to be just; though doubtless, he should be careful on his own account, as well as that of the estate, in declining to avail himself of such a defence : but, if in any case where a claim is barred, an administrator would be justified in suffering a recovery against him, on pleas going merely to the merits, there can be no reason why his deliberate promise or acknowledgment of a debt, should not revive the cause of action. If it be said that this is a dangerous power, it may be replied that it is one which results from his character as the representative of the intestate, unless he is specially prohibited by law; and that such prohibition might operate with great injustice to others. The act of limitation is a good shield, and ought to be used as such, and never for any purpose of fraud ; but a law compelling an administrator to use it in all cases, might in many cases make it the known instrument of fraud. And it was probably for this reason, that the legislature, in revising the act of 1792, omitted it altogether. The effect of that omission is, to leave it in an administrator's power to set up this defence or not, at discretion ; and to leave him also, with the power of paying, or binding his intestate's estate to pay, claims against which the statute of limitation has run so as to bar them.

In the present case, it appears that the administrator entered into a settlement with the plaintiff, and made a formal acknowledgment in writing, that there was a balance due from his intestate's estate, of $249 10. It does not appear whether this was a claim barred at the death of the intestate or not ; but as the administrator had the

power of paying this claim, or of defending the present suit without pleading the act of limitation, he had also, the power of reviving the debt by his acknowledgment.

The principle upon which a new promise, or acknowledgment, has been held to avoid the bar of the statute, has been understood differently by the courts; and this has produced an apparent, if not a real, conflict in the decisions. The older cases suppose the act of limitation to be based on a *presumption of payment,* which a new promise, or even an acknowledgment of the debt, removes; and in carrying out this principle, it has been held that a promise, even after action brought, would take a case out of the act. (*Yea vs. Fouraker,* 2 *Burr. Rep.* 1099.) But the more recent cases regard the acknowledgment as *evidence of a new promise;* a promise which is itself a *new cause of action,* being supported by the previous moral obligation to pay. (*Pittam vs. Foster,* 1 *B. & C.* 248; *Gowan vs. Forster,* 3 *B. & Ald.* 507; *Bateman vs. Pindar,* 3 *Adol. & Ellis, N. S.* 873.) The principle of the old cases did not require any promise to pay; for an acknowledgment of the debt removed the presumption of payment as fully without, as with, a new promise; and rendered the party liable, even though his acknowledgment was accompanied by an express refusal to pay: the principle of the late cases requires a promise to pay, or an acknowledgment from which a promise may be fairly implied; and this being the cause of action on which a recovery is to be had, the declaration must count upon it.

Our courts have hitherto followed the older cases; and have considered a mere acknowledgment of the debt, as sufficient to take a case out of the reason of the act of limitation, and therefore, out of the act itself. (*Newlin vs. Duncan,* 1 *Harr. Rep.* 204; *Waples vs. Layton,* 3 *Ibid* 508; *Black's Ex'rs. vs. Reybold, Ibid* 528.) The Court of Errors and Appeals considered also, in the case of Newlin *vs.* Duncan, that an acknowledgment revives the old cause of action, and does not create a new one; that the declaration is necessarily for the old debt, and not for any new liability. An acknowledgment, (the court says,) rebuts the presumption of payment; and then the plaintiff recovers, not on the ground of having a new right of action, but that the statute does not apply to bar the old one.

This case being a decision of the highest court in the State, is of course, as far as it extends, binding on us; though I would with great deference suggest, that the principle of the recent English cases is very reasonable. The statute enacts, that no action of trespass, replevin, detinue, or debt not founded on a record, or specialty;

no action of account, assumpsit, or on the case; shall be brought after the expiration of *three* years *from the accruing of the cause of such action;* and how can an acknowledgment of the debt enable a party to bring such an action *after three* years, unless it be that such acknowledgment gives a new right of action? Why also, is this doctrine of a waiver of the statute confined to actions of assumpsit, if the reason given in Hurst *vs.* Parker, be not the true one, namely, that the acknowledgment is evidence of a fresh promise, which is considered as the promise laid in the declaration, and one of the causes of action which it sets out. In actions against administrators, it is usual, as has been done in this case, to count on a promise by the administrator: and, though it may be very true, that as between original parties, no new promise is laid in the declaration in order to avoid the statute, yet, as time does not enter into the pleading, the new promise when proved, may be considered the promise declared on, and the proper ground of recovery.

I suggest this, however, merely as a doubt. The case cited is the law for our guidance, and it establishes that the acknowledgment is not to be regarded as a new cause of action, but simply as a waiver of the statute, as against the old one. Yet the opinion in that case must be confined to the case before the court; an action between *original parties*, in which the acknowledgment relied on as waiving the statute, may be proved under a declaration on the original cause of action; and not requiring any count on the acknowledgment itself. Otherwise no acknowledgment, after a change of parties, can ever avail to waive the statute, for no such acknowledgment can be given in evidence without a count upon it, as it would not correspond with the declaration on a promise by the original party. The Court of Appeals, in the case referred to, alludes to this distinction. Speaking of an action by an executor, on a promise to himself, to pay a debt due the testator, the Chief Justice said: "In that case, no doubt you must declare on the *new promise;* for every promise, to be binding, must be made by a person competent to make it, and to a person in existence to receive it. (6 *Taunt.* 310; 13 *Com. L. R.* 88.) Besides, if the executor were to declare on the original promise to the testator, and to the plea of the statute of limitation, were to reply the promise made to himself, it would be a manifest departure in pleading, and a good ground for a demurrer. But who ever saw, *as between the original parties*, a declaration on the new promise? The case, therefore, of Newlin *vs.* Duncan, must be regarded as applying only to a suit between original parties; and not extending to

a case where the plaintiff is compelled by the rules of pleading, to declare upon the acknowledgment, or promise, to or by a new party, as a new cause of action. In such case, the new promise or acknowledgment must be regarded as the cause of action, and declared on as such, or it cannot be put in evidence. The cause of action, therefore, declared upon, and proved in this case, is the account stated between the plaintiff and the defendant's administrator; and an acknowledgment in writing, under the hand of the administrator, of a sum due from the intestate's estate. Such an acknowledgment is itself a cause of action; and assumes such a form, in this case, as is protected from the operation of the act of limitation, for the period of *six* years.

Motion refused.