Porter, J.
The demand, for the recovery of which the action was brought, was extinguished on April 12, 1842. It was neither continued nor revived by any act or admission of the maker. The indorsements written by the payee were mere declarations in his own favor, wholly unsustained by the proof. The fact that they were shown to the defendant, after *347 the death of the maker, does not change their nature, nor impart to them the force of legal evidence. The underwritten indorsement proves the fact it states, but nothing as to antecedent payments or indorsements.
If, then, the extinguished demand was ever revived, it was by the act of the administrator, two years after the death of the maker, and seven years after the claim was barred. The statute of limitations having attached before the enactment of the Code, the contract could not be reinstated by any subsequent acknowledgment or promise, unless “ contained in some writing signed by the party to be charged thereby.” (Code, § 110; Esselstyn v. Weeks, 2 Kern., 635.)
The indorsement relied on by the appellant is in these words : “ March 3d, 1848, received fifty dollars on the within, by the hands of Martin McMartin.” It does not constitute a new contract, either in form or in legal effect. It is precisely what it purports to be, a statement in his handwriting, of the fact, the date and the amount of payment, and the name of the person from whom it was received. It proves this, and nothing more. It is not signed by the administrator; it contains no undertaking in behalf of the estate, and it neither affirms nor denies the existence of facts of which he had no personal knowledge. Thé indorsement shows precisely what the pleadings admit, that this payment was made by the defendant; and the debt was not thereby revived, unless such payment was sufficient to revive it. The proof corrects the error in the date, and shows that the indorsement was in fact made a year after it purports to have been written.
The Code provides that th» section above referred to shah not alter the effect of any payment of principal or interest. (Code, § 110.) The appellant .erroneously assumes, that, -under the antecedent rules of law, the effect of a partial payment by an administrator was to revive a demand extinguished in the lifetime of the intestate. Payment by the debtor personally, or by his direction and authority, is evidence now, as heretofore, from which an acknowledgment of the residue of the debt may be implied. It does not, however, even in that case, constitute an express promise, nor amount, per se, to a revival; but it is evidence from which an intention to renew the original *348 promise may be inferred. (Shoemaker v. Benedict, 1 Kern., 185.) So, in the case of a demand existing at the death of the intestate, and which the administrator is bound to pay, it would be legitimate to infer, from a subsequent partial payment, an acknowledgment of his continuing the obligation.
But, in respect to demands barred at the death of the intestate, the administrator is under no such obligation. The immunity of the estate is absolute. His position is purely fiduciary. It is Ms right and his duty to apply the funds in Ms hands to the satisfaction of all legal demands; but he has no retrospective authority to contract debts in the name of the intestate, or to revive those which were extinguished by law in his lifetime. There is a moral obligation on the debtor to pay demands which he knows have never been satisfied; but there is none on his executor or administrator to pay claims which the statute has barred. He is not at liberty to misapply assets which the law awards to the creditors and next of kin.
It has been questioned by eminent jurists, in this country as well as in England, whether a demand barred by the statute can be revived, even by an expressed promise of the personal representative, unless with the consent of those interested in the estate; and it is well settled that, without an express promise, there can be no revival,' by an executor or administrator, of a debt extinguished in the lifetime of the decedent. This is the only mode in which he can give to the holder of an outlawed demand against the estate the status of a legal creditor in the courts; if, indeed, it can be given in that mode, within the principles settled by the more recent decisions. There was no such express promise in this case, and the defendant was therefore entitled to judgment. (Tullock v. Dunn, Ry. & M., 416; Thompson v. Peter, 12 Wheat., 565; Blood-good v. Bruen, 4 Seld., 362, 369.) In Bloodgood v. Bruen, Judge Gardiner, in delivering the opinion of the court, said: “But if we assume, with the court below, that Bruen, as executor of the estate of T. H. Smith, admitted this demand, an admission in that character cannot, it seems to me, in the nature of the case, amount to a contract which will bind the estate of the testator. It is no part of the duty of an executor *349 to subject the estate of his testator to a demand from which it was by law exempt. If he can do it in any manner, it must, at all events, be by a positive contract. It has accordingly been held, even in England, that there must be an express promise, and that all the executors must unite in it.”
The doctrine which at one time prevailed, that an outlawed demand might be revived by a partial payment, not made by the immediate debtor, but by a joint contractor, an assignee or a trustee, is no longer recognized in our courts. (Roosevelt v. Mark, 6 Johns. Ch., 267, 292; Pickett v. King, 34 Barb., 193; Bloodgood v. Bruen, 4 Seld., 362 ; Shoemaker v. Benedict, 1 Kern., 176, 185 ; Winchell v. Hicks, 18 N. Y., 558; Pickett v. Leonard, 34 Id., 175.)
It follows, from these views, that the indorsement in the handwriting of the defendant should be treated as the mere statement of the fact of payment, by one who had no authority in this form-to bind the estate; and that, even if it had been authenticated by his signature in his representative capacity, it would have proved nothing but the making of such payment, and would have amounted neither to a renewal of the note, nor to an express promise to pay the residue of a claim, which did not constitute a legal debt of the intestate.
The judgment of the Supreme Court should be affirmed
All the judges concurred in the foregoing opinion, except that Grover, J., read an opinion for reversal, in which Hunt, J., concurred.
Judgment affirmed